# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MELISSA RIVERA AND RICARDO SILVA, SR. | CIVIL ACTION |
| VERSUS | NO: 18-14005 |
| JENNIFER ROBINSON, ET AL | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants' Joint Rule 12(f) **Motion to Strike** Allegations and Exhibits (Rec. Doc. 19) is **GRANTED** with respect to all challenged allegations and exhibits except allegations relating to Robinson's statements to the police regarding witnesses to the accident, and the State Farm and Church Mutual insurance policies, as more fully set forth below.

## BACKGROUND

This action stems from a motorcycle-automobile accident that occurred on August 25, 2018. The son of plaintiffs, Ricardo Silva, Jr., was driving his motorcycle southbound on Highway 1082 in Covington, Louisiana; defendant Jennifer Robinson was driving her automobile northbound. Despite the fact that they were approaching one another head on, Robinson did not see Silva, and made a left turn into her driveway. Silva collided with the rear right side of Robinson's vehicle. Silva was transported by ambulance to St. Tammany Parish Hospital, where he died approximately one hour later.

Silva's parents filed the instant wrongful death suit, and defendants answered and filed

the instant motion, seeking to strike certain allegations of the complaint, as well as to strike the voluminous exhibits attached to the complaint.

The allegations defendants seek to strike are as follows: (1) allegations regarding the fact that Robinson was not wearing a seatbelt at the time of the crash; (2) allegations that Robinson had a sun shade on her driver's side window drawn down at the time of the crash; (3) allegations that Robinson lied to police regarding witnesses to the accident; and (4) allegations regarding a claim for loss of future grandchildren. The exhibits defendants seek to strike consist of photographs and videos, the coroner's report, plaintiffs' expert report, the police report, four insurance policies, and Silva's birth and death certificates.

## APPLICABLE LAW

*Federal Rule 12(f) standard*

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Striking a pleading is generally disfavored, and it is "a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy." <u>Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.</u>, 306 F.2d 862, 868 (5th Cir. 1962) (quotation omitted); <u>see also</u>, <u>United States v. Coney</u>, 689 F.3d 365, 379 (5th Cir. 2012). The court cannot decide a disputed issue of fact on a motion to strike. <u>Augustus</u>, 306 F.2d at 868. Further, the court should not determine disputed and substantial questions of law when there is no showing of prejudicial harm to the moving party. <u>Id.</u> "Under such circumstances the court [should] defer action on the

motion and leave the sufficiency of the allegations for determination on the merits." Id.

"Although motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties." American S. Ins. Co. v. Buckley, 748 F. Supp. 2d 610, 626–27 (E.D. Tex. 2010). District courts possess considerable discretion in ruling on a motion to strike. Id. at 627 (citations omitted).

It is usually clear on the face of the pleadings whether the challenged matter should be stricken under Rule 12(f). "Redundant" matter consists of allegations that constitute "a needless repetition of other averments in the pleadings." 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1382 (3d ed. 2004). "Immaterial" matter is that which "has no essential or important relationship to the claim for relief or the defenses being pleaded," such as superfluous historical allegations, "or a statement of unnecessary particulars in connection with and descriptive of that which is material." Id. "Impertinent" matter overlaps with "immaterial" matter and "consists of statements that do not pertain, and are not necessary, to the issues in question." Id. Finally, "scandalous" matter "improperly casts a derogatory light on someone, most typically on a party to the action[,]" but "it is not enough that the matter offends the sensibilities of the objecting party or the person who is the subject of the statements in the pleading, if the challenged allegations describe acts or events that are relevant to the action." Id. Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party. Id.

**DISCUSSION**

In this case, several of the challenged allegations should be stricken due to materiality concerns. Whether or not Robinson was wearing a seatbelt has no bearing on plaintiffs' negligence claim, and thus no relation to the controversy. In fact, under La. R.S. 32:295.1(E), in an action to recover damages arising out of the operation of a motor vehicle, "failure to wear a safety belt in violation of this Section shall not be considered evidence of comparative negligence." Thus, the fact that Robinson was not wearing a seatbelt at the time of the crash is immaterial and impertinent.

Likewise, the allegation that Robinson had an illegal sun shade on her driver's side window drawn down at the time of the crash is immaterial. According to the complaint, the collision occurred after the vehicles were approaching one another head on, and Robinson turned left into her driveway causing Silva to collide with the rear right side of her automobile. There is no issue regarding visibility related to Robinson's left window, and thus the presence of a sun shade on that side can have no relation to the controversy, and is immaterial and impertinent.

Moreover, the court finds that both of the above immaterial and impertinent allegations are potentially prejudicial to Robinson, because they are designed to depict her to the jury as a non-law abiding individual. Accordingly, the allegations related to Robinson's failure to use a seatbelt and presence of the sun shade are inadmissible and are stricken.

Defendants also seek to strike allegations that Robinson lied to the police regarding witnesses to the accident. The allegations in question state:

> Jennifer Robinson had her hired criminal attorney tell the State Police at

> Troop L they had 3 additional witnesses to the crash and delivered statements from Denise Pichoff, Teri Haas and Harr Hass, Sr. The police officers interviewed Denise Pichoff and she said she did not see the accident. The police officers asked Mr. Kyle Schonekas, the criminal attorney, if the other witnesses Teri Haas and Harry Hass, Sr. actually saw the crash occur, to which criminal attorney for plaintiff Jennifer Robinson namely Mr. Kyle Schonekas replied "no".

Cmplt., ¶ 8.

And,
> Jennifer Robinson made false statements to the police . . . and provided three false witnesses through her attorney to State Troopers which were confirmed not have been present at the accident's location. . . . Ms. Denise Pichoff, one of the alleged witnesses . . . explained that she did not see the crash occur. Additionally, [Mr. Schonekas was asked] if the two other witnesses actually saw the crash occur, to which he replied "no".

Cmplt., ¶ 11.

The gist of plaintiffs' claims with respect to these allegations is that Robinson, through her attorney, provided the names of "witnesses" who had not actually witnessed the crash in an effort to misdirect the police from finding her negligent, even though she knew that her actions were negligent at the time of the crash. In opposing the motion, plaintiffs argue that Robinson and her attorney attempted to misrepresent facts in order to place the blame on Silva. While further motion practice may well ultimately result in exclusion of any evidence related to these allegations, on a disfavored motion to strike, the court is not authorized to resolve fact issues, but must "leave the sufficiency of the allegations for determination on the merits." Augustus, 306 F.2d at 868. Accordingly, the motion to strike is denied with respect to these allegations.

Defendants have also moved to strike certain allegations in paragraphs 21 and 22 of the complaint relating to Silva's relationship with his fiancée, and plaintiffs' claim for loss of future

5

grandchildren. With respect to Silva's fiancée, the complaint alleges:

> **RICARDO SILVA, JR**. was only 26 years old at the time of his death. **RICARDO SILVA, JR.** moved from Indiana after working in law enforcement and was engaged to Taylor Stevens, who applied for a position and is employed by the State of Louisiana Wildlife and Fisheries in Lacombe. Taylor Stevens was the love of his life, to whom he was engaged to be married in November, 2018. **RICARDO SILVA, JR.** went through POST Certification Training and graduated from the N.O.P.D. Police Academy as a Police Officer with the New Orleans Police Department in New Orleans, Louisiana. When **RICARDO SILVA, JR.** graduated from the N.O.P.D. Police Academy in a ceremony, he asked the love of his life, Taylor Stevens to marry him, to which she said yes, and he presented her with an engagement ring in front of his fellow officers. The engaged couple planned to be married in November, 2018 and then live together in their jointly purchased home in Bush, La. where they could enjoy their dogs and competing in horse shows with two horses they had at their home. **RICARDO SILVA, JR,** and his fiancé Taylor Stevens, planned to live in Louisiana at their home in Bush together and have children.

Cmplt., ¶ 21.

Louisiana Civil Code article 2315.2 enumerates the exclusive categories of those having an action for loss of consortium, service, and society in wrongful death cases.[1] The list does not

---

[1] A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:

> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
>
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
>
> (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.
>
> B. The right of action granted by this Article prescribes one year from

6

include fiancées. Moreover, Louisiana does not recognize a cause of action for loss of future grandchildren. Accordingly, these allegations should also be stricken as immaterial.

Defendants also seek to strike certain exhibits to the complaint. Attached to the complaint were several hundred pages of exhibits, consisting of photographs and videos, the coroner's report, plaintiffs' expert report, the police report, four insurance policies, and Silva's birth and death certificates. Defendants argue they should be stricken as immaterial because they are not "written instruments" within the meaning of Federal Rule of Civil Procedure 10(c).

Federal Rule of Civil Procedure 10(c) provides, in relevant part, that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." "Written instrument" is not defined within the rule, and the Fifth Circuit has not definitively addressed its scope, except to "make clear . . . that even if factual portions of an expert's report constitute an instrument under Rule 10, opinions contained in the report may not be considered, as 'opinions cannot substitute for facts.'" Varela v. Gonzales, 773 F.3d 704, 710 (5th Cir. 2014). In a prior ruling on the definition of "written instrument" for purposes of 10(c) (also finding that an affidavit which sets forth facts but not opinions qualifies), the Fifth Circuit cited with approval DeMarco v. DepoTech Corp., 149 F. Supp. 2d 1212, 1221 (S.D. Cal. 2001). See Financial Acquisition Partners LP v. Blackwell, 440 F.3d 278, 285-286 (5th Cir. 2006).

In DeMarco, the court stated: "A 'written instrument' within the meaning of Rule 10(c) 'is a document evidencing legal rights or duties or giving formal expression to a legal act or

---

the death of the deceased.

La. Civ. Code Ann. art. 2315.2

agreement, such as a deed, will, bond, lease, insurance policy or security agreement.' Murphy v. Cadillac Rubber & Plastics, Inc., 946 F.Supp. 1108, 1115 (W.D.N.Y.1996) (citing BLACK'S LAW DICTIONARY (6th ed.1990)). The documents that satisfy this definition "consist largely of documentary evidence, specifically, contracts, notes, and other writings on which a party's action or defense is based[.]" DeMarco, 149 F. Supp. 2d at 1220 (citing Rose v. Bartle, 871 F.2d 331, 339 n. 3 (3d Cir. 1989)(internal quotations and alteration omitted)); see also, Ronaldo Designer Jewelry, Inc. v. James B. Cox & Catherine A. Cox d/b/a JC Designs, et al., 2019 WL 1245787, at *2 (N.D. Miss. Mar. 18, 2019). Moreover, as other courts have observed, the Federal Rules "consistently describe pleadings as containing 'statements' and 'allegations', see Fed.R.Civ.P. 8, 9, and such language does not contemplate photographs or other objects." Nkemakolam v. St. John's Military Sch., 876 F. Supp. 2d 1240, 1246–47 (D. Kan. 2012)(citing Cabot v. Wal–Mart Stores, Inc., 2012 WL 1378529, at *2–3, *7 (D.N.M. Apr. 10, 2012)); see also, Rowan v. Sunflower Elec. Power Corp., 2015 WL 8024320, at *1 (D. Kan. Dec. 4, 2015). As well, "lengthy or numerous exhibits containing extraneous or evidentiary material should not be attached to the pleadings." 5A FED. PRAC. & PROC. CIV. § 1327. Applying the foregoing principles, many of the exhibits to plaintiffs' complaint herein should be stricken, since they are more in the nature of supportive evidentiary material than written instruments upon which plaintiffs' action is based.

*Photographs and Video*

Included in plaintiffs' exhibits are numerous photographs of the decedent, his fiancée, the accident scene, and a video of Silva's engagement. These exhibits (labeled P-2 through P-18, P-

26 & 27, and P-29 & P-30(a) & (b)) do not form the basis of plaintiffs' claim, but rather are intended as evidence to support the allegations of the complaint – and in the case of the photographs and video of Silva's fiancée, in support of allegations that have been stricken. As such, the court finds that they are not "written instruments" as contemplated by Rule 10(c). They are therefore immaterial and shall be stricken.

*Police Report*

Plaintiffs have also attached a copy of the police report (P-1, P-1(a) & (b)). A police report is not a "document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement," or an "other writing on which a party's action . . . is based. See, BLACK'S LAW DICTIONARY; Rose, 871 F.2d 331, 339 n.3. In this case, plaintiffs' action is based on Louisiana tort law, not the police report (which may be introduced in the future as evidence of the tort). Accordingly, it is not appropriately incorporated into pleadings, and it too must be stricken.

*Insurance Policies*

Plaintiffs have also included as attachments four insurance policies, issued by Allstate, State Farm, and Church Mutual (P-19 through 22). Plaintiffs have stated no cause of action against Allstate, and accordingly, that policy is immaterial to the action and should be stricken. However, plaintiffs' action against the defendant insurers, State Farm and Church Mutual, is based upon their policies, which are expressly referenced in the complaint. In fact, insurance policies which form the basis of a plaintiff's claim appear to be precisely the type of "written instrument" contemplated by Rule 10(c). Accordingly, they are not stricken.

9

*Plaintiffs' Expert Report*

Plaintiffs have attached to the complaint the report of their accident reconstruction expert. The report is replete with their expert's opinions regarding his "conclusions within a reasonable degree of accident reconstruction certainty." (P-28 at p. 13). An expert report which sets out opinions rather than facts does not qualify as a "written instrument" for purposes of Rule 10(c). Financial Acquisition Partners, 440 F.3d at 286. Accordingly, the expert report is stricken. As with the police report, it may be proffered as evidence in the future subject to the usual evidentiary rules.

*Silva's Birth and Death Certificates & Coroner's Report*

Plaintiffs have also submitted Silva's birth and death certificates and the coroner's report (P-23 through P-25). None of these documents evidence a legal right or duty or give formal expression to a legal act or agreement, nor do they comprise a written instrument upon which plaintiffs' base their action. Accordingly, they, too, are not appropriately incorporated into pleadings, and are stricken.

## CONCLUSION

As the foregoing establishes, numerous allegations in, and exhibits to, plaintiffs' complaint must be stricken. In so finding, the court points out that the significance of the distinction between what may be incorporated in the complaint and what may not has an impact for future motion practice. Because in ruling on a 12(b)(6) motion the court must accept as true all well-pleaded facts in the complaint, permitting the complaint to be expanded to include a laundry list of evidentiary documentation supporting plaintiff's arguments is inappropriate. Such

evidence is properly considered, once authenticated, in connection with a motion for summary judgment. To permit their inclusion at the initial pleading stage would "blur the distinction between summary judgment and dismissal for failure to state a claim upon which relief could be granted." Rose, 871 F.2d at 340 n. 3. To allow such an expansion would prejudice the defendants by requiring them to confront summary judgment evidence in the context of a motion for failure to state a claim.

Accordingly,

**IT IS ORDERED** that defendants' motion is **GRANTED** with respect to all challenged allegations and exhibits except the allegations relating to Robinson's statements to the police regarding witnesses to the accident, and the State Farm and Church Mutual insurance policies;

**IT IS FURTHER ORDERED** that plaintiffs shall re-file their complaint in compliance with this order within 15 days of entry of this order.

New Orleans, Louisiana, this  22nd  day of March, 2019.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**