# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA RIVERA AND RICARDO SILVA SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-14005** |
| **JENNIFER ROBINSON AND HER INSURER, STATE FARM MUTUAL INSURANCE COMPANY, CHURCH OF THE KING INCORPORATED, D/B/A A/K/A CHURCH OF THE KING AND ITS INSURER, CHURCH MUTUAL INSURANCE COMPANY** | **SECTION: "S" (4)** |

## ORDER

Before the Court is a **Motion to Expedite Discovery of Jennifer Robinson Cell Phone Data to Avoid Destruction** (Rec. doc. 24) filed by the Plaintiffs, Melissa Rivera and Ricardo Silva, Sr. Parents of decedent Ricard Silva, Jr. The defendants collectively filed an **Opposition to Plaintiffs' Motion to Expedite discovery of Jennifer Robinson's Cell Phone Data to Avoid Destruction**. (Rec. doc. 28)

The defendants also filed a **Motion to Strike the Affidavit of Lance Sloves, or in the Alternative, to File a Sur-Reply to Plaintiffs' Motion to Expedite Discovery of Jennifer Robinson's Cell Phone Data to Avoid Destruction.** (Rec. doc. 37) The Motion is opposed. (Rec. doc. 51)

I. **Factual Background**

This matter arises as a result of an auto accident that occurred on La 1082 when the defendant Robinson was preparing to turn in a private drive at 77011 Hwy, 1082 Covington, La. At the time she began her turn, according to the complaint, she failed to wear a seatbelt, and nor did she use her turn signal. She allegedly also had an illegal retractable window shade pulled down on the driver's side window blocking her vision.

According to the plaintiffs, Robinson was distracted and failed to see Ricard Silva Jr. Who was traveling on the same highway in the opposite direction. She attempted an abrupt left turn without yielding causing Silva to apply his brakes at maximum capacity to avoid the incident but could not. As a result, the vehicle and motorcycle crashed ejecting Silva some 50.8 feet where he landed face up. Silva died of massive internal injuries. According to plaintiffs, Robinson was a distracted driver and likely was using her cell phone or other media at the time of the collision.

Plaintiffs sent a pre-suit preservation letter dated October 30, 2018 to defendants counsel regarding their intent to "inspect Robinson's cell phone". (See Rec. doc. 24-3) The lawsuit was filed on December 20, 2018 and another letter request was sent on January 24, 2019 referencing the earlier preservation letter. While this letter indicates that the plaintiff failed to return a signed release of her phone, the first letter never made such a request. Again, plaintiffs' counsel simply requested that the phone be preserved. (Rec. doc. 24-3, Page 2) Interestingly at the time these letters were sent, summons had only recently been executed and the delays had not yet run for the defendants to answer the complaint and issue had not been joined. (Rec. doc. 10-12).

Another letter was sent on January 31, 2019 several days before the defendants made an appearance. (Rec. doc. 20-22) On this occasion the letter disclosed that the plaintiffs retained a forensic cell phone examiner who would download and inspect Robinsons entire phone purportedly for the information or evidence that exists on the phone on the date of the incident. (Rec. doc. 24-3, P. 3) This correspondence is the first one that had the accompanying authorization for the release of cellular phone and messaging records.

The subject motion seeks to obtain historical cell phone data from the cell phone tower. The motion was filed before the Rule 16 conference, but the conference has since occurred. (Rec. doc. 36)

Although the request was made before discovery could commence, that issue is now resolved as the conference has occurred. Plaintiffs complain that it submitted a general request to Robinson to produce her cell phone records on several occasions there was no response from her lawyer. They do not spell out whether the form of request was incompliance with the Federal Rules of Discovery or by correspondence which is an informal approach to securing the information.

Now the defendants seek the production of Robinson's cell phone data and provide her cell phone for downloading by a certified computer specialist Lance Silva. The plaintiffs also seek an order compelling Robinson to furnish her pass code or lock code for her cell phone used on the date of the crash.

Robinson opposes the motion and contends that the information sought is premature, not relevant, overly broad and not reasonably tailored for the needs of the case. Robinson, head of the Women's Ministry at Church of the King, contends that she has privacy interests which are not protected by the overly broad request for a cloning of her phone which would include all her communications with members of her church which could include counseling, communications with her lawyers and personal transactions unrelated to the case. Given the overly broad nature of the request, the court does not reach the issue of her privacy interests.

**II.**     **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). Nevertheless, discovery does

have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

### III.   Analysis

Plaintiffs seek an order compelling Robinson to produce her cell phone records which they contend has been requested on several occasions. However, there was no response from her lawyer. Now the plaintiffs seek the production of Robinson's cell phone data, for her to provide her cell phone for downloading by a certified computer, her pass code or lock code for her cell phone used on the date of the incident, the identity of her cell phone provider, the make and model of the cell phone, the serial number and a signed release of her cell phone data for August 25, 2018.

Robinson contends that there are no facts or allegations in the original complaint indicating that Plaintiffs' believed Ms. Robinson to be on her cell phone or using. It was not until the court ordered the plaintiffs to amend their complaint did the new allegation of distracted driving include use of her cell phone appear. (Rec. doc. 27) This allegation was added without the consent of Defendants and without leave of the court. However, considering that the amended was filed before the preliminary conference which did not take place until April 1, 2019 and the Amendment was filed on March 25, 2019, consent was not required. (Rec. doc. 27 & 36)

Federal Rule of Civil Procedure 26(d)(1) states in relevant part "[a] party may not seek discovery from any source before **the parties have conferred as required by Rule 26(f),** except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or **by court order**." Therefore, defendant's contention that "a party may not conduct discovery of any kind prior to the parties conferring as required by Rule 26(f)"

(Rec. Doc. 28) is a gross misrepresentation of the discovery rules as Rule 26(d)(1), which discusses the timing and sequence of discovery, expressly provides such an exception by court order.

The scope of discovery is governed by both relevance and proportionality. Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. Parties may obtain discovery regarding any matter not privileged that is relevant to the claim or defense of any party. The party resisting discovery bears the burden of showing why discovery should be denied." In contrast, when the relevancy of the discovery request is not clear on its face, the party seeking the discovery has the burden to show the relevancy of the request.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

**A. Cell Tower Data**

The plaintiffs seek an order compelling Robinson to sign a release so that they can secure the historical cell tower data for her phone on the date of the accident. The plaintiffs seek the cell tower allegedly because it is subject to destruction as the telecommunications company will not keep them "indefinitely".

The defendants contend that Plaintiffs broad assertions that "cell phone data is not kept indefinitely" and will be destroyed unless a subpoena with a release for the cell phone records is sent immediately, is not supported by any evidence regarding the urgency of this matter. They

further contend that there is nothing in Plaintiffs motion or memorandum explaining how long the data is kept, or even where it is kept. (Rec. doc. 28)

Cell phones use radio waves to connect to their service provider to facilitate a host of functions, including making and receiving phone calls, sending and receiving text message and using the Internet. See. *State v. Earls,* 70 A.3d 630, 637 (N.J. 2013) A cell tower houses the electronic communications equipment along with an antenna to support cellular communication in a network.[1] It captures the historical evidence of cell phone use. *See In re* Application of U.S. for Historical cell Site Data, 724 F. 3d 600 (5th Cir. 2013)

While the plaintiffs contend that this evidence would be destroyed, the plaintiff nor her expert provide the Court with evidence of how long telecommunication companies retain this data. In this case, the plaintiffs do not explain how or why the historical cell phone data is relevant. The Court therefore finds that the request for Robinson's historical cell phone data is not relevant and nor is the discovery proportional to the needs of the case.

**B. Cell Phone Records and Phone**

The plaintiffs allege that Robinson's cell phone should be produced for cloning to aid in their investigation of whether the phone was in use at the time of the incident. The defendant contends that the request is overly broad and not tailored to secure the evidence that they purportedly seek. Robinson contends that cloning or downloading her information would secure information regarding her entire phone use and it would not be limited to the date of the incident.

In response to the request for phone records, the defendant submitted evidence of Robinson's cell phone use records for the date of the incident. (Rec. doc. 28-2). The Court finds

---

[1] Historical Cell Tower Data, https://www.techopedia.com/definition/6408/cell-tower, 5/16/19.

that the requests for Robinson's cell phone use beyond August 25, 2019 are not relevant nor proportional to the needs of the case.

The Court further finds that the use report produced in response to the motion contains evidence of Robinson's text messaging and cell phone use on the day of the incident which satisfies plaintiffs request. Additionally, the court finds that the plaintiffs request to produce Robinson's phone, her pass code or lock code for her cell phone are **DENIED** as overly broad, not relevant or proportional.

### C. Motion to Strike

Robinson filed the subject motion seeking to strike Sloves affidavit because it was filed only in the reply memorandum as new evidence which the Fifth Circuit has stated that new arguments need not be considered. Alternatively, Robinson alleges that the affidavit established the overly broad nature of the information sought. Robinson points out that according to Slove, one of the reasons that the cell phone tower location is needed is to determine the estimated locations of where her cell phone was at the time of the call which is irrelevant. Robinson also objects to the affidavit because Sloves indicates he has a need for excel spreadsheets related to the cell phones owned by the church but against fails to explain why it's necessary. Finally, Robinson contends that the affidavit simply confirms the over broad nature of the request which amounts to a fishing expedition.

The plaintiffs contend that the affidavit is proper evidence, that it establishes that they are seeking limited and reasonably tailored information because it is limited to her information (Rec. doc. 51) They further deny that they are engaging in a fishing expedition.

The Court in considering the issue notes that the plaintiffs are seemingly conflating the issue. They suggest that they need GPS coordinates to determine where she was at the time and

at what time she accessed her cell phone. The cell tower information however only provides an indication of when the phone ping at a tower suggesting the phone was in the vicinity. GPS coordinates are not the subject of this motion.

Further in assessing the affidavit of Sloves, it seemingly is being used in place of Request for Production of Documents and seeks information from the subscriber including payment history, call data, location records and internet access records, cell site data and carrier key information. (Rec. doc. 33-1) The Court finds that this is an improper use of an affidavit and nor does the affidavit have any evidentiary value.

**IT IS THEREFORE ORDERED THAT the Motion Defendants Motion to Strike the Affidavit of Lance Sloves, or in the Alternative to File a Sur-Reply to Plaintiffs' Motion to Expedite Discovery of Jennifer Robinson's Cell Phone Data to Avoid Destruction is GRANTED.**

**IT IS FURTHER ORDERED THAT the Motion to Expedite the Discovery of Jennifer Robinson's Cell Phone Data to Avoid Destruction (REC. DOC. 24) IS DENIED.**

New Orleans, Louisiana, this the 16th day of May 2019.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**