UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| MELISSA RIVERA AND RICARDO SILVA, JR. | CIVIL ACTION |
|---|---|
| VERSUS | NO: 18-14005 |
| JENNIFER ROBINSON AND HER INSURER, ET AL | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiffs' **Objections** (Rec. Doc. 68) to the Magistrate's Order and Reasons of July 29, 2019 (Rec. Doc. 67) are **SUSTAINED**, and the Magistrate Judge's ruling is reversed.

## I. BACKGROUND

The facts of this case have been set forth in prior orders of the court and the Magistrate Judge's Order and Reasons and thus are not restated here. See Rec. Docs. 26, 57, 67. Plaintiffs object to the Magistrate Judge's ruling denying them leave to amend their complaint to add new and specific allegations regarding medications which had been prescribed to defendant Jennifer Robinson ("defendant") at the time of the accident. Under the operative scheduling order, amendments to pleadings were due not later than May 28, 2019. On July 2, 2019, plaintiffs moved to amend and supplement their pleadings. The proposed amendment includes allegations that defendant was negligent in causing the fatality in this case in taking, or failing to take as directed, certain prescription medications, which plaintiffs further allege affect vision and motor control. The Magistrate Judge concluded that good cause did not exist under Federal Rule 16(b)

to allow plaintiffs' proposed amendment of pleadings beyond the deadline imposed by the scheduling order, and thus did not reach the requirements of Federal Rule 15(a)(2).

## II. DISCUSSION

### A. *Standard of Review*

An order issued by a magistrate judge concerning non-dispositive pretrial matters, such as an order on a motion for leave to file an amended complaint, is reviewed by the district court under the clearly erroneous standard. See Perales v. Sasilla, 950 F.2d 1066, 1070 (5th Cir.1992); 28 U.S.C. § 636(b)(1)(A) (2009).

### B. *Applicable Law*

"Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court." S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 535 (5th Cir. 2003). Rule 16(b) mandates that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." S&W Enters., 315 F.3d at 536 (5th Cir. 2003).

In determining whether good cause exists for an untimely motion to amend pleadings, courts consider: (1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice. S & W Enterprises, 315 F.3d at 536.

If good cause for untimeliness is established, the court then considers whether the

2

amendment should be allowed under the standard of Federal Rule of Civil Procedure 15(a). S & W Enters., 315 F.3d at 536.

Under Federal Rule 15(a)(2), "a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." The court has discretion on whether to grant or deny leave to amend. Union Planters Nat. Leasing, Inc. v. Woods, 687 F.2d 117, 121 (5th Cir. 1982). In deciding whether to grant leave to file an amended pleading under Rule 15(a), a district court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. Id.

## C. Application of Law to Facts

### (1) Good cause under Rule 16(b)

To establish good cause, the party seeking relief show that the deadlines could not have reasonably be met despite the diligence of the party seeking the extension. S&W Enters., 315 F.3d at 535 (citing 6A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). In this case, plaintiffs attribute the untimeliness of their motion to the fact that they did not learn of the defendant's prescription medications until during discovery, after the deadline for amendments had passed. Newly discovered information acquired through discovery has been found by courts in this circuit to constitute good cause for an untimely leave to amend under Rule 16. Bayou Liberty Prop., LLC v. Best Buy Stores, LP, 2015 WL 1415704, at *2 (E.D. La. Mar. 27, 2015)(citing cases). Because, through no fault of their own, the details
3

concerning defendant's prescription drug use was only learned by plaintiffs after the deadline for amendments, this factor weighs in favor of a finding of good cause.

As for importance, plaintiffs' complaint includes the general allegation that defendant was "careless, reckless and distracted," Amd. Cmplt., ¶ 2, which theoretically encompasses the proposed allegations, thus suggesting the new allegations are unimportant. However, plaintiffs argue that failure to specifically allege facts surrounding the prescription drugs could potentially make them vulnerable in the future to objections that related evidence is irrelevant, because negligence stemming from prescription drug use or misuse was not specifically pleaded. The court agrees, and thus finds that the proposed amendment is not unimportant.

As for prejudice, the discovery deadline in this matter is not until January 3, 2010, and trial is not set until March 23, 2020. Moreover, the proposed amendment comprises a claim sounding in negligence, so it does not require a major revision to defendant's trial strategy. Accordingly, the court finds that the defendant is not prejudiced by the proposed amendment, and has met the requirements of establishing good cause. The Magistrate Judge erred in finding to the contrary.

### *(2) Leave to amend under Rule 15(a)(2)*

The good cause requirement of Rule 16(b) having been satisfied, the court considers whether leave to amend should be granted under Rule 15(a). As above, because the amendment is based upon evidence newly learned through discovery, the court finds that undue delay, bad faith, or dilatory motives are not present in this case; nor does the proposed amendment correct a deficiency that could have been cured by previously allowed amendments. And, for the same

reasons the amendment is not unimportant for purposes of Rule 16(b), it is not futile. Finally, as set forth above, there is no identifiable prejudice to the opposing party. Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' **Objections** (Rec. Doc. 68) to the Magistrate's Order and Reasons of July 29, 2019 (Rec. Doc. 67) are **SUSTAINED**, and the Magistrate Judge's ruling is reversed;

**IT IS FURTHER ORDERED** that plaintiffs are granted leave to amend, however, all allegations and exhibits that were previously stricken by prior order of the court shall be omitted from the amended complaint.

New Orleans, Louisiana, this  27th  day of August, 2019.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**