UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MELISSA RIVERA AND** * | | **CIVIL ACTION NO: 18-14005** |
| **RICARDO SILVA SR.** * | | |
| * | | |
| **VERSUS** * | | |
| * | | |
| **JENNIFER ROBINSON AND HER INSURER,** * | | **SECTION: MVL** |
| **STATE FARM MUTUAL INSURANCE** * | | |
| **COMPANY, CHURCH OF THE KING,** * | | |
| **INCORPORATED, D/B/A/ A/K/A/ CHURCH** * | | **MAG: KWR** |
| **OF THE KING AND ITS INSURER, CHURCH** * | | |
| **MUTUAL INSURANCE COMPANY** * | | |

*************************************************************************

**PLAINTIFFS 08/27/19 SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL**

**Now comes**, **MELISSA RIVERA and RICARDO SILVA SR.,** both persons being of the full age of majority, the biological parents of their deceased son, **RICARDO SILVA, JR.** who are both domiciled in Lake County, State of Indiana, who respectfully states plaintiff supplement and amends its petition for damages filed herein on March 25, 2017 (Document 27) based on newly discovered evidence as set out in Defendants Joint Responses to Plaintiff's First Set of Interrogatories of June 7, 2019,  as follows:

1.

By supplementing and amending Section 2 of her petition of 3/25/19 as follows:

"2.
"On or about August 25, 2018, at approximately 17:54 hrs., a vehicular crash occurred on Highway 1082, LA 21, Covington, Parish of St. Tammany, State of Louisiana, when a black 2017 Acura MDX,  La. License LA426AKT, vehicle ID NO. 5FRYD4H98HB031512, which was operated by **JENNIFER ROBINSON** and owned by **CHURCH OF THE KING** made a high speed, abrupt  left turn into the opposite traffic lane of **RICARDO SILVA JR.** who died after he was struck while driving his red and white 2017 Honda CBR sport bike  motorcycle, that

1

was owned and operated by **RICARDO SILVA JR.** after **JENNIFER ROBINSON** failed to yield. **JENNIFER ROBINSON** was careless, reckless distracted and impaired by drugs she was prescribed namely, Vyvanse and Celexa. **JENNIFER ROBINSON** was cited for improper turning and for violations of State law including La. R.S. 32:104. **RICARDO SILVA, JR**. was not noted to be at fault for the crash that was caused solely due to the grossly negligent, careless, reckless, distracted, and drug impaired by the driver **JENNIFER ROBINSON** taking medications for physical and mental conditions namely, Vyvanse and Celexa. The careless driver **JENNIFER ROBINSON** failed to look before turning into and oncoming lane and whose vision was adversely affected by physical and mental conditions requiring the prescription drugs Vyvanse and Celexa resulting in her failing to see the motorcycle with its headlights on, of **RICARDO, SILVA, JR**. before turning into the oncoming motorcycle of **RICARDO SILVA, JR.** When **JENNIFER ROBINSON** called 911 she said, "I don't know what happened." And "Oh he must have hit the back of my car." **JENNIFER ROBINSON** failed to see what she should have seen which was the sole cause of the crash."

2.

By amending Section 5 of plaintiffs petition to read as follows:

"5.

The location of the crash on LA 1082 was a two lane, paved asphalt section of roadway with no shoulders. The roadway was clearly marked with reflective striping and center reflectors. There were no defects in the roadway nor any obstructions for the driver **JENNIFER ROBINSON** who was distracted, careless, who failed to see what she should have seen, and **JENNIFER ROBINSON'S** whose vision and motor control was impaired by prescription drugs Vyvanse and Celexa. **JENNIFER ROBINSON** failed to look where she was going and yield to oncoming traffic. The police report described the condition of the road where the accident occurred as "very good with no debris or abnormalities."

3.

By amending Section 7 to read as follows:

"7.

**JENNIFER ROBINSON** admitted to officers that she did not see the motorcycle of Ricardo Silva, Jr. and was issued a citation for illegal turning movements per La. R.S. 32:58 Careless Operation of a Motor Vehicle, La. R.S. 32:104(A) Turning Movements Without Required Signals. **JENNIFER ROBINSON** stated in her call to 911 to report the crash, "I don't know what happened." And further said "Oh, he must have hit the back of my car." **JENNIFER ROBINSON** failed to see the motorcycle of **RICARDO SILVA, JR.** which had its bright headlight on according to the Louisiana State Police."

2

4.

By amending Section 14 to read as follows:

"14.

The sole and/or proximate cause of the accident was the negligence and carelessness of **JENNIFER ROBINSON**. Said negligence and carelessness includes, but is not limited to, the following acts:

1. Failure to maintain proper control of defendant's **JENNIFER ROBINSON's** vehicle;
2. Failure to maintain a proper lookout;
3. Failed to see what a reasonable driver should have seen.
4. Driving under the influence of prescribed drugs that are known to adversely affect vision and motor control Vyvanse (lisdexamfetamine dimesylate) and Celexa
5. In the alternative if Plaintiff failed to take her prescribed drugs, Vyvanse and/or Celexa Plaintiff pleads **JENNIFER ROBINSON** was negligent if she failed to take her prescribed drugs which adversely affected her vision and motor control.
6. Failure to properly maintain defendant's vehicle;
7. Failure to see what a reasonable or prudent driver would see;
8. Failure to act as a reasonable or prudent driver would have acted under similar circumstances;
9. Failure to maintain a proper lookout at an intersection;
10. Failure to take all reasonable evasive action to avoid striking **RICARDO SILVA JR.** and his motorcycle;
11. **JENNIFER ROBINSON** striking **RICARDO SILVA JR.** who was traveling lawfully and properly in the southbound lane;
12. Improperly allowing an individual to operate a motor vehicle.
13. Operating a vehicle while distracted using her cell phone blue toothed to her Honda MDX Electronic Display and electronic systems capabilities.
14. Failure to yield the right-of-way to an oncoming vehicle.
15. Violations of State law namely La. R.S. 32:104(A) Turning Movements and Required Signals and La. R.S. 32:58 Careless Operation of a Motor Vehicle.
16. Said negligence also includes all acts or failure to act that are violation of the laws of the State of Louisiana, Parish of St. Tammany, and may be properly proven at trial in this matter."

**WHEREFORE**, the petitioners again pray for trial by jury and that Plaintiffs be allowed to file this supplemental and amending petition for damages and that it be served on the named defendants, and that after due proceedings had, there be judgment rendered in favor of petitioners, **MELISSA RIVERA AND RICARDO SILVA SR.** and against the defendants **JENNIFER ROBINSON,** and her insurer **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, CHURCH OF THE KING, INCORPORATED D/B/A/ A/K/A/**

**CHURCH OF THE KING**, and its insurer **CHURCH MUTUAL INSURANCE COMPANY** herein, jointly, severally and *in solido*, for all damages reasonable in the premises together with legal interest thereon, from date of judicial demand, until paid, plus all costs of these proceedings, and all equitable and just relief.

        Respectfully Submitted by:

        */s/ Glenn C. McGovern*
        _____
        Glenn C. McGovern (Bar# 9321)
        Attorney for Plaintiffs
        2637 Edenborn Avenue, Ste. 101
        Metairie, LA 70002
        P.O. Box 516
        Metairie, LA 70004-0516
        Phone: (504) 456-3610
        Facsimile: (504) 456-3611
        Email gcmcg@mac.com

**PLEASE SERVE THE FOLLOWING:**

1. **Jennifer Robinson**
   Through her attorney of record
   Scott A. Cannon
   Cannon & Livermore, LLC
   122 Village Street
   Slidell, LA 70458

2. **State Farm Mutual Insurance Company**
   Through its attorney of record
   Scott A. Cannon
   Cannon & Livermore, LLC
   122 Village Street
   Slidell, LA 70458

3. **Church of the King Incorporated  D/B/A A/K/A CHURCH OF THE KING**
   Through its La. Registered agent for service of process
   Gary J. Borgstede
   22205 Little Creek Rd.
   Mandeville, La. 70471

4. **Church Mutual Insurance Company**
   Through its attorney of record
   Azelie Z. Shelby
   Shelby Law Firm
   3070 Teddy Drive
   Baton Rouge, LA 70809