# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MELISSA RIVERA, ET AL. | CIVIL ACTION |
| VERSUS | NO: 18-14005 |
| JENNIFER ROBINSON, ET AL. | SECTION: "S" (4) |

## ORDER

Before the Court is **Defendants' Joint Motion to Quash Plaintiffs' Subpoena for Second Inspection of Jennifer Robinson's Vehicle (R. Doc. 79)** filed by the Defendants Jennifer Robinson, Church of the King, Inc., State Farm Mutual Insurance Company, and Church Mutual Insurance Company, seeking an order from this Court quashing Plaintiffs' subpoena demand for a second inspection of Jennifer Robinson's vehicle. The motion is opposed. R. Doc. 80. The Court held oral argument on this motion on September 11, 2019. R. Doc. 95.

### I. Background

Plaintiffs Melissa Rivera and Ricardo Silva, Sr. filed this action in diversity in the District Court on December 20, 2018, as biological parents to deceased son, Ricardo Silva, Jr., for wrongful death and survival damages. R. Doc. 2, p. 1. At approximately 5:54 p.m. on the evening of August 25, 2018, Ricardo Silva, Jr., stopped at a traffic light while on his sports-bike motorcycle, was struck by Defendant Jennifer Robinson, an employee running an errand for the Church of the King, Inc. R. Doc. 2, p. 1-2. This collision resulted in the death of Ricardo Silva, Jr. R. Doc. 2, p. 2. Plaintiffs allege, *inter alia*, the accident occurred as Defendant Robinson was careless, reckless, distracted, had her vision obstructed, and failed to look for and yield to oncoming traffic. R. Doc. 2, p. 1-2 and p. 4.

As to this instant motion, Plaintiffs aver that as of July 2019, a manufacturer of software and hardware developed a new software, known as Berla, to enable the download of data from

vehicles to include Defendant Robinson's 2017 Honda Acura MDX in-car entertainment system. R. Doc. 80, p. 3. Defendants object pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(i) and (iv) as: (1) all parties, including Plaintiffs' expert, have already performed a thorough inspection of Robinson's vehicle, (2) Plaintiffs have not demonstrated a valid need for a second inspection, (3) a second inspection would be unduly burdensome and costly on Defendants, and (4) Plaintiffs' subpoena does not allow sufficient time for Defendants to prepare for and have their own experts attend the inspection. *See* R. Doc. 79-1.

In opposition, Plaintiffs contend that at the time of the first inspection, on January 30, 2019, the data download of Defendant's Robinson's 2017 Acura MDX in-car entertainment system was limited because the Berla software had yet been released. R. Doc. 80, p. 11. In July 2019, a company developed and manufactured the Berla software, which rendered download of certain additional data possible. *Id.* Specifically, Plaintiffs contend that a second inspection of Defendant Robinson's vehicle will enable them to download: (1) the speed of Jennifer Robinson's 2017 Honda Acura MDX recorded prior to and at the time of the 8/25/2018 vehicle-motorcycle collision; (2) the GPS data for the vehicle's location and movements prior to the crash; (3) the vehicle's events such as turn signal use or non-use and transmission selection, which is disputed by Defendant; and (4) the use of Bluetooth connected devices including text messages, cellular calls sent and received, text messages and Apple iMessages. R. Doc. 80, p. 3-4.

The Court, prior to the hearing, issued an order requiring Plaintiffs to provide the following information in a supplemental memorandum: (1) the exact information retrieved from the first physical inspection of Defendant Jennifer Robinson's vehicle, (2) the exact information retrievable by use of the newly developed software and hardware "Berla", and (3) a list providing the differences from the data extracted from the first physical inspection of Robinson's vehicle from

that which Plaintiff is now able to retrieve in this proposed second vehicle inspection. R. Doc. 81. Plaintiffs complied with this order and filed a supplemental memorandum, which included the above-outlined information. R. Doc. 82.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

In addition, "[b]oth Rules 45 and 26 authorize the court to modify a subpoena *duces tecum* when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45." *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (Wilkinson, C.M.J.). Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity

to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

**III. <u>Analysis</u>**

Defendants raise four arguments in support of their motion to quash: (1) that a second vehicle inspection in unreasonably cumulative and duplicative, (2) that any additional information gleaned from a second vehicle inspection is not relevant, (3) that a second vehicle inspection is unduly burdensome, and (4) that Plaintiffs' deposition notice is not timely. R. Doc. 79. Because the Court finds merits in the first two arguments—namely, that a second vehicle inspection is unreasonably cumulative and duplicative, as well as not relevant and of low probative value—the Court need not analyze the remaining two arguments as to the burden and timeliness.

**a. Cumulative and Duplicative Discovery**

Defendants, as an initial matter, objected to the second inspection of Defendant Robinson's vehicle to the extent a second vehicle inspection is unreasonably cumulative and duplicative. R. Doc. 79-1, p. 2. Defendants contend that they provided Plaintiffs' counsel and expert an opportunity unlimited in scope to inspect Robinson's vehicle on January 30, 2019, and a thorough inspection was performed. R. Doc. 79-1, p. 2. Defendants further contend that Plaintiffs have neither adequately described the software nor established the information now retrievable is any different from the information originally retrieved in the first inspection. R. Doc. 79-1, p. 3. As such, any additional inspection is unreasonably duplicative and cumulative as unfettered access to Robinson's vehicle was already provided nearly seven months prior to the filing of this motion. *Id.*

In opposition, Plaintiffs contend that this information is not unreasonably cumulative or duplicative because the new Berla software download allows for the retrieval of speeds and system

markers beyond the five (5) seconds immediately preceding to the crash. Plaintiffs further maintain that this information is not unreasonably cumulative or duplicative because, unlike Defendants' assertions, they did not have unlimited and unfettered access to Defendant Robinson's vehicle because they were limited to the technology existing at the time. R. Doc. 80, p. 5.

Plaintiffs further explain as to the new software's advanced technological capabilities, that the additional data is necessary to support their existing theory of events. In more detail, Plaintiffs explain that because the initial inspection reflects that five (5) seconds immediately preceding the passenger vehicle-motorcycle collision that Robinson started decelerating at forty-nine (49) mph, started to make a sharp turn at twenty-nine (29) mph, and decelerated to twelve (12) mph before the collision. Based on these data points, Plaintiffs' expert has suggested these markers tend to demonstrate that Defendant Robinson exhibited unruly driving behaviors at the time of the accident. Thus, to verify this theory, Plaintiffs maintain the additional information is necessary to better enable their accident reconstructionist recreate the events of the accident.

The Court, as an initial matter notes, that despite Plaintiffs' assertions that this request is solely effectuated by the development of new computer software enabling the additional download of data, in Plaintiffs' Request for Production of Vehicle for Inspection and Vehicle Entertainment System Download, Plaintiffs' request both: 1) Defendant Jennifer Robinson's 2017 Acura MDX entertainment system from the date of the incident, August 25, 2018 to permit a computer download of the system of the vehicle, and 2) Defendant Jennifer Robinson's 2017 Acura MDX for physical inspection. R. Doc. 80-3, p. 11. This Court is of the opinion to allow for the wholesale reinspection of Defendant Robinson's vehicle necessarily effects cumulative and duplicative discovery. As such, the Court will simply not allow for the wholesale reinspection of Defendant Robinson's Acura MDX.

Moreover, while Plaintiffs notes they will be able to download such information such as speeds, GPS data, the possibility of using a turn signal, the use of text alerts, cellular calls sent and received, text message, and Apple iMessage's, the record reflects that Berla's download capabilities are far narrower than Plaintiffs suggest.[1] *See* R. Doc. 82-4. Most importantly, the Berla software does not provide vehicle performance data such as steering and events such as turn signal use or non-use and transmission selection. A second vehicle inspection seems unnecessarily duplicative and cumulative where the single variable that parties submit has changed between the first inspection to the now proposed second inspection is a limited type of content downloadable from Defendant Jennifer Robinson's in-car vehicle entertainment system.

The Court notes that the Bosch CDR retrieval, which included the airbag module data, reflects the data downloaded from the initial inspection included pre-crash data such as, the speed of the vehicle, brake service, steering input, and engine RPM for five second before the crash to the point of impact in half second intervals. *See* R. Doc. 82-3, p. 5. At the hearing, Plaintiffs acknowledged that they had already supplied their expert accident reconstructionist with the data retrieved from the first inspection who was able to analyze it and form his opinion on it, namely that Defendant Robinson was driving with aggressive mannerisms. The Court is of the opinion that this information, in conjunction with the other crash data retrieved from the airbag module, is more than enough information for the accident reconstructionist to base his or her expert analysis thereon. Thus, to allow for a second inspection is unnecessarily cumulative and duplicative where the Plaintiffs concede they have already performed their expert analysis and formed an opinion based on the data retrieved from the first vehicle inspection.

---

[1] Defendants explained, at the hearing, that while Berla may have download capabilities more reflective of what Plaintiffs submit to the Court, Defendants' understanding of Berla's download capabilities are particular to this case where it uploaded Robinson's Vehicle Identification Number into the Berla system to assess the potential downloadable content.

### b. Probative Value and Relevance

Defendants next objected to the second vehicle inspection because any information gleaned from a second vehicle inspection is not relevant and of low probative value. As such, Plaintiffs simply do not need a second vehicle inspection. Specifically, Defendants contend that Plaintiffs have not established the relevance of a second vehicle inspection where Plaintiffs have not described the type of content is now downloadable due to the release of this new software that was not available for download at the first vehicle inspection on January 30, 2019. R. Doc. 79-1, p. 3.

Plaintiffs contend the sort of information now available for download is relevant where Defendants admitted in their Response to Interrogatory No. 7 that "Ms. Robinson's cellular phone was connected via Bluetooth to her car at that time of incident." R. Doc. 80-8, p. 2. Plaintiffs, at the hearing, also suggested, despite Robinson admitting that her iPhone was connected via Bluetooth to the Honda Accord at the time of the accident, that the now downloadable content would show if any other device, besides her cell phone was also connected to the vehicle.

As an initial matter, the Court notes, despite Plaintiffs' averment that the sort of data and information the Berla software is capable of downloading is <u>likely</u> to lead to the discovery of relevant evidence, the current standard of discoverability is more limited. In 2015, the Federal Rules of Civil Procedure were amended to reflect "[i]nformation is discoverable under revised Rule 26(b)(1) if it is relevant to any party's claim or defense . . ." 2015 Amendment, Comment to Fed. R. Civ. Pro. 26. The Court will, accordingly, analyze the potential data download in purview of this standard.

The Court hesitates to find the digital footprint of driver Robinson's Bluetooth connectivity relevant where Defendants have already conceded that her phone was connected to the car via Bluetooth at the time of the accident. The Court further rejects the notion that the downloadable

content might reflect multiple device connectivity because, while virtually all Bluetooth devices are capable of being paired to multiple devices, Bluetooth devices can only be connected to one paired device at a time. As such, technological limitations frustrate Plaintiffs' position.

The Court finds that information as to the Bluetooth connectivity is simply no more probative than the information already admitted by Defendant Robinson herself and that Plaintiff has retrieved from other sources.[2] Having found both the Bluetooth connectivity information no more probative than the information already gleaned in discovery, the Court ultimately concludes any information gleaned from the new software download and second vehicle inspection is simply not relevant.

As the Court finds a second vehicle inspection both unreasonably cumulative and duplicative, as well as not relevant and of low probative value, the Court, accordingly, grants Defendants' joint motion to quash.

**IV.   Conclusion**

Accordingly,

**IT IS ORDERED** that **Defendants' Joint Motion to Quash Plaintiffs' Subpoena for Second Inspection of Jennifer Robinson's Vehicle (R. Doc. 79)** is **GRANTED.**

New Orleans, Louisiana, this 18th day of November 2019.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] Defendants explained, at the hearing, that Plaintiffs have already subpoenaed, and are in receipt of, driver Defendant Robinson's cell phone records for the day of the incident, which would show text alerts, cellular usage records, and the use of text messaging.

8