UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MELISSA RIVERA, ET AL.**                         CIVIL ACTION

VERSUS                                             NO:    18-14005

**JENNIFER ROBINSON, ET AL.**                      SECTION: "S" (4)

ORDER

Before the Court is a **Motion to Compel Production of Jennifer Robinson's Prescription Records (R. Doc. 83)** filed by the Plaintiffs Melissa Rivera and Ricardo Silva, Sr., seeking an order from this Court compelling Defendant Jennifer Robinson to (1) produce a Walgreens medical authorization form for the release of prescription records for Defendant Robinson from Walgreens' pharmacy and (2) the prescriptions for the medications Defendant Robinson was issued prior to the accident of August 25, 2018. The motion is opposed. R. Doc. 90. The motion was heard with oral argument on October 30, 2019. R. Doc. 105.

I.    **Background**

Plaintiffs Melissa Rivera and Ricardo Silva Sr. filed this action in diversity in the District Court on December 20, 2018, as biological parents to deceased son, Ricardo Silva, Jr., for wrongful death and survival damages. R. Doc. 2, p. 1. On the evening of August 25, 2018, Ricardo Silva, Jr., was struck by Defendant Jennifer Robinson, in a motor vehicle rented from Defendant Church of the King, Inc. while on his sports-bike motorcycle. R. Doc. 2, p. 1-2. This collision resulted in the death of Ricardo Silva, Jr. R. Doc. 2, p. 2. Plaintiffs allege, *inter alia*, the accident occurred as Defendant Robinson was careless, reckless, distracted, had her vision obstructed, and failed to look for and yield to oncoming traffic. R. Doc. 2, p. 1-2 and p. 4.

In Defendant Jennifer Robinson's Responses to Plaintiff's Interrogatories, Robinson admitted she had a prescription for Vyvanse and Celexa on the date in question, and while she

remembered taking Celexa within seventy-two (72) hours preceding the accident, she could not recall if she took her prescription for Vyvanse within seventy-two (72) hours preceding the accident. R. Doc. 62-5, p. 25. Based on this information, and on August 27, 2019, Plaintiffs filed their Supplemental and Amending Petition for Damages and Wrongful Death Survival. R. Doc. 78. Among other things, Plaintiffs allege in that complaint that the accident was the fault of the negligence and carelessness of Defendant Jennifer Robinson who was "[d]riving under the influence of prescribed drugs that are known to adversely affect vision and motor control [to include] Vyvanse (lisdexamfetamine dimesylate) and Celexa. R. Doc. 78, p. 3.

As to this instant motion, Plaintiffs contend that Defendant Robinson has failed to fulfill her discovery obligations pursuant to Federal Rules of Civil Procedure 26 and 34, as Plaintiffs' Request for Production of Documents and Things Nos. 1 and 2 are highly relevant as to a central issue in the case, *i.e.*, whether Defendant Robinson was impaired by drugs at the time of the accident. R. Doc. 83.

Plaintiffs contend that Robinson's prescription records are highly relevant because they will provide the following relevant evidence: (1) the exact dosage of the drugs Vyvanse and Celexa, (2) the directions and indications for use of the drugs Vyvanse and Celexa, (3) Robinson's medical compliance with the prescriptions and any possible drug interactions she may have been prescribed, (4) information on Robinson's prescriber and her physical conditions that may have affected her vision and motor control, (5) if and when the drugs Vyvanse were prescribed and purchased by Jennifer Robinson, (6) her pattern of usage of the drugs Vyvanse and Celexa, (7) confirm her purchase of the drugs Vyvanse and Celexa, and (8) show if Robinson was taking any other drugs that affect her motor vision. R. Doc. 83-1, p. 7. Plaintiffs have attached an unsworn

statement by unretained expert, Dr. Curt Cyr, Ph.D. in Pharmacology, stipulating the same. *Id.*; *see also* R. Doc. 83-8.

In opposition, Defendants, Jennifer Robinson, Church of the King, Inc., State Farm Mutual Insurance Company, and Church Mutual Insurance Company ("Defendants") submit that Plaintiffs' Requests for Production of Documents and Things are improper where (1) the requests are overly broad, vague, not limited in temporal scope, and are an unnecessary invasion of Defendant Robinson's privacy disproportionate to the needs of the case; (2) the records requested by Plaintiffs are not relevant and will not provide them the information Plaintiffs contend they need to prove their case; (3) the prescription records are unnecessarily cumulative and duplicative where Defendant Robinson disclosed that seventy-two (72) hours of the accident she took Celexa, she could not remember whether she took Vyvanse, and also admitted to taking some Advil in verified interrogatories; and (4) there are less burdensome means of obtaining the information requested. *See* R. Doc. 90. Defendants also contend that they are not in "control" of Robinson's prescription within the meaning of the Federal Rules of Civil Procedure as Defendants do not have these prescriptions in their possessions as the prescriptions are not retained by the patient, but by the pharmacy in electronic or written form. *Id.*

Defendants also submit at most the prescriptions will contain the name of all her health providers, her insurance information, the names of other medication she takes, the date of prescription, and the dose of the medication. R. Doc. 90, p. 6-7. As such, Defendants contend Plaintiffs are attempting to use defendant Robinson's pharmacy records to obtain information about her private medical history in a manner to harass and embarrass her. *Id.* This, especially so, where Defendant already admit to taking these drugs in a verified interrogatory. R. Doc. 90, p. 7.

As such, Defendants maintain this authorization and personal information would be superfluous. R. Doc. 90, p. 7.

Still, in an effort to be amenable, Defendants concede that some information is relevant given the amended complaint, but Defendants take the position, to best protect the privacy interests of Robinson, that this sort of information is best answered in an interrogatory seeking dose and instructional information, and not in Defendant Robinson's actual prescription. *Id.*

Plaintiffs rejected this proposal contending that an interrogatory asking the same is not sufficient where (1) Defendant Robinson lacks credibility as her statements to 911 dispatchers and Troopers on-scene were inconsistent with the facts and ultimate finding of the Plaintiffs expert accident reconstructionist's report and (2) Defendant Robinson has already admitted to not recalling whether she took her drugs as directed on the day of the accident. *See* R. Docs. 83-10 and 83-11. Plaintiffs also consent to a protective order on information concerning Ms. Robinson's prescriptions that she was not ordered to take on the date of the accident narrowing the scope of the original request. R. Doc. 94, p. 2.

At the hearing on the motion, the Court ordered Defendant Jennifer Robinson to produce to the Court "all prescription records from May 31, 2018 to August 31, 2018 [sic] for *in camera*" inspection. R. Doc. 105.[1] On in camera review, the Court notes the following information is provided in the records: the prescriptions,[2] the prescribing doctor's name, the quantity, the bottle instructions, the dosage, refill dates, and the price.

---

[1] The Court notes that the Defendants provided the Court the prescription records in the date range May 25, 2018 to August 25, 2018 (the date of the accident).
[2] The Court notes while Plaintiffs seek Defendant Robinson's prescription for Celexa, her records indicate usage of Citalopram—the generic no name brand of the medication. *See* https://www.webmd.com/drugs/2/drug-1701/citalopram-oral/details.

## II.     **Standard of Review**

Discovery of documents, electronically stored information, and tangible things is governed by Federal Rule of Civil Procedure ("Rule") 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." Fed. R. Civ. P. 34(a)(1). Rules 34 allows a party to ask interrogatories and request production to the extent of Rule 26(b).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

Federal Rule of Civil Procedure ("Rule") 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . .  (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

A motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

### III.     Analysis

Plaintiffs urge the Court to weigh the fact that Defendant Robinson was only administered a breath test after the crash, as opposed to a chemical test as required by Louisiana Revised Statute Title 32 § 681, into consideration. R. Doc. 83-1, p. 4. Specifically, Plaintiffs contend that because a chemical test was not performed by the Louisiana State Trooper, Plaintiffs have no other alternative or lesser restrictive means of obtaining information as to whether Defendant Robinson was drug impaired at the time of the accident. *Id.*

Louisiana Revised Statute Title 32 § 681 provides "[t]he operator of any motor vehicle. . . which is involved in a collision or crash on the public highways. . . shall be deemed to have given consent to, and shall be administered, a chemical test of test of his (or her) blood, urine, or other bodily substances for the purpose of determining the presence of any abused substance of controlled dangerous substance. . . [in a circumstance where] a fatality occurs." La. Rev. Stat. 32 § 681(A)(1). Louisiana Revised Statute Title 32 § 681 does not provide a right of action and explicitly disclaims any civil liability for law enforcements failure to perform such chemical and/or blood tests. *See* La. Rev. Stat. 32 § 681(F). Still, and most importantly, the law does not establish any sort of civil discovery or legal presumption which would hold the failure of law enforcement officials to provide for such test at the time of the accident renders the operator of the motor vehicle's prescription records *ipso facto* necessary and relevant.

In fact, the Court fails to discern a connection between Defendant Robinson's filling her prescription and the determination that such drugs were in her system at the time of the accident where prescriptions records in no way indicate the prescribed's actual usage of the medication. As such, the fact that the Louisiana State Troopers failed to take a blood sample of Defendant

Robinson at the time of the incident does not *per se* render Plaintiffs' request for execution of medical authorization and prescription records necessary.

Plaintiff request the Court consider two cases in rendering its decision: *Ex parte Thomas*, 628 So. 2d 483, 485 (Ala. 1993) (finding Defendant's prescription drug records and medical records could indicate whether Defendant was driving under the influence of a controlled substance at the time of the accident) and *Neferis v. DeStefano*, 265 A.D.2d 464 (1999) (finding Defendant placed her medical conditions in controversy through her own testimony, which also waived physician-patient privilege). The Court notes *Thomas*, 628 So. 2d at 485 and *Neferis*, 265 A.D.2d 464 are state law cases from Alabama and New York, respectively. While this Court finds that Defendant Robinson's response to Plaintiff's Interrogatory No. 13 renders the records potentially relevant, this Court declines to find Robinson's response waives physician-patient privilege.[3]

Plaintiffs contend that the prescription medications that Robinson stated she took are relevant because they have evidence those medications are contraindicated. Plaintiffs provide as proof that these drugs are known to, or have a possible known side effect of, affecting vision and motor function skills the Federal Drug Administration's ("FDA") prescription drug report on Celexa, as well as a scientific article from MOLECULAR PSYCHIATRY, *Potential Adverse effects of Amphetamine Treatment on Brain and Behavior: A Review*, discussing the potential effects of amphetamine stimulants such as Vyvanse. *See* R. Doc. 83-13, p. 13-14 & R. Doc. 83-14, p. 10-11.

Defendants, in opposition, contend that the authorization was not limited in time or scope, to include the entirety of Robinson's prescription records contained at Walgreens from birth until

---

[3] The Court assigns low persuasive value to the waiver of physician-patient privilege based on New York state law as this case is brought in diversity and applies Louisiana state law of privilege where the Court can discern no Louisiana state cases stipulating the same. The Court also notes that Defendants have not explicitly sought to invoke any sort of privilege. *See* R. Doc. 90.

present. R. Doc. 90, p. 2. Moreover, Plaintiffs seek the medical authorizations that extend into the future and would not expire until June 18, 2021—far beyond the August 25, 2018 accident. As such, it is Defendants' position that the request is so broad in scope that it borders on harassment. R. Doc. 90, p. 4.

Defendants also contend that Plaintiffs cannot establish the relevance of prescription records post-accident, as well as one year prior to the accident, let alone fifteen years prior to the accident. *Id.* Defendants further contend this information is not relevant because, unlike Plaintiffs' contention, the prescription records will not contain directions and indications for use of the drugs, whether Jennifer Robinson had any physical conditions that may have affected her vision and motor function control, or her pattern of usage and compliance with her medication. R. Doc. 90, p. 5.

Considering Plaintiffs' Request for Production No. 1,[4] seeking an order compelling Defendant Robinson to sign medical authorizations for the release of her prescription records, "the Court should not be inclined to compel [Defendant Robinson] to execute the requested medical authorizations." *Morris v. Wyeth, Inc.*, No. CIV.A 09-0854, 2010 WL 1141224, at *4 (W.D. La. Mar. 22, 2010). As the Court in *Morris* explained:

> The Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, §§ 261-264, 110 Stat .1936 (1996), 42 U.S.C. § 1320d, *et seq.* ("HIPAA") includes specific means for [Plaintiff] to obtain protected health information from "covered entities." *See* 45 C.F.R. § 164.512(e)(1)(ii-iii). Under these provisions, [Plaintiff] may endeavor to discover or subpoena the records directly from the covered entity after providing prior notice to plaintiff, and in the absence of any valid objection thereto. 45 C.F.R. § 164.512(e)(1)(ii-iii). Alternatively, the parties may agree upon an appropriate protective order. *Id.* If the covered entity will not provide the records in response to a HIPAA compliant process, [Plaintiff] may then petition the court for an appropriate order. *See* 45 C.F.R. § 164.512(e)(1)(I).

---

[4] "Please sign and produce Walgreens medical authorization (see attached) for the release of prescription records for Ms. Robinson from Walgreens located on 1203 Business 190, Covington, LA 70433."

*Morris*, 2010 WL 1141224, at *4 (citing *Fields v. West Virginia State Police*, 264 F.R.D. 260, 2010 WL 286635) (S.D. W.Va. Jan.26, 2010) and *Allbritton v. International Minerals & Chemical Corporation*, Civil Action Number 06-0774 (W.D. La. Mar. 13, 2007)). *But see Abrego v. Budget Truck Rental, LLC*, No. 5:17-CV-1045-OLG, 2018 WL 6220163, at *1 (W.D. Tex. Apr. 23, 2018) (explaining Fifth Circuit split on whether Rule 34 allows court to compel a signed release authorization).

Defendants have raised certain privacy implications as concerns. The Court tends to agree where the party has not placed its health at issue, compelling a vast medical authorization into a person's private medical records teeters on abusive. As such, the Court sustains Defendant Robinson's objection, and denies Plaintiffs' Request for Production No. 1 for such reason.

In consideration of Request for Production No. 2,[5] Plaintiffs simply are not entitled to prescription medication records just prior to or beyond the date of the accident. Nonetheless, and despite the apparent lack of temporal scope, Plaintiffs qualify their request with reference to Defendant Robinson's "answer to Plaintiff's second set of interrogatories, number 13 for Vyvanse and Celexa." *See* R. Doc. 83-7. As such, pertaining to scope, the Court finds this qualifier saves the request from objections based on lack of specificity.

Nonetheless, the Court cannot accept an all-encompassing request that lacks temporal scope. *Cf. Ex parte Thomas*, 628 So. 2d 483, 485 (Ala. 1993) (finding Defendant's use of drugs and medical records occurring after the time of the accident not relevant). At the hearing, Plaintiffs explained the need for discovery into Robinson's prescription records for a couple months preceding the accident is based on a theory of compliance. While refills records may serve as prima

---

[5] "Please produce the prescriptions for the medications Jennifer Robinson was issued prior to the accident 8/25/18 with Ricardo Silva, Jr.'s motorcycle, reference in answer to Plaintiff's second set of interrogatories, number 13 for Vyvanse and Celexa."

facie proof Defendant Robinson took her medications as prescribed—the Court remains reluctant to allow an all-out fishing expedition based on this theory. The Court is satisfied that three (3) months preceding the accident is adequate time to demonstrate any sort of compliance issues and will limit Plaintiffs' request for Defendant Jennifer Robinson's prescription records to a temporal period from May 31, 2018 to August 31, 2018.

Regarding relevance, Defendant Robinson's prescription records became an issue based on her interrogatory response and the amended complaint's inclusion of allegations that Defendant Robinson was drug impaired by her prescription medications, Vyvanse and Celexa, at the time of the accident. Furthermore, as Plaintiffs suggest, these medications might be contraindicated and their taking in combination might potentially cause adverse reactions that could affect one's motor function ability. As such, Defendant Robinson's prescription medications that she was taking, or not taking, at the time of the accident are relevant to Plaintiffs' claims. Fed. R. Civ. P. 26(b)(1).

Nonetheless, as Defendant Jennifer Robinson's prescription medication records are likely to contain information beyond these relevant and specifically requested medication information, the Court ordered that Defendant Jennifer Robinson submit to it her prescription medication records for *in camera* review of relevancy from May 31, 2018 [sic] to August 31, 2018 [sic]. R. Doc. 105.

Upon review of the records, the Court notes much, but not all, of Plaintiffs' desired information is included. Of note, however, the records indicate usage of Prolensa Ophthalmic[6] and Durezol Ophthalmic.[7] Plaintiff's Interrogatory No. 13 seeks prescriptions consumed within 72 hours of the date of the August 25, 2018 crash. R. Doc. 83-6, p. 2. While neither party has

---

[6] This medication is used to treat inflammation and pain in the eye after cataract surgery. https://www.webmd.com/drugs/2/drug-163935/prolensa-ophthalmic-eye/details.

[7] This medication is used to treat swelling and pain after eye surgery. https://www.webmd.com/drugs/2/drug-151208/durezol-ophthalmic-eye/details.

mentioned this medication, and Defendant Robinson did not indicate consumption of these prescription medications in her response to the interrogatory,[8] given the date that the prescription was filled—August 24, 2018—the day prior to the accident, the Court finds Defendant Robinson's usage of this medicine relevant. Nonetheless, the records contain additional prescriptions not relevant to any parties' claim or defense, which the Court will redact prior to the release of the documents to Plaintiffs.

As to Defendants' contention that Defendant Robinson does not possess her prescription records, "Rule 34(a) of the Federal Rules of Civil Procedure states that '[a]ny party may serve on any other party a request (1) to produce . . . any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served.' Fed. R. Civ. Pro. 34(a). Federal courts have consistently held that documents are deemed to be within the 'possession, custody or control' of a party for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action." *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) ("Generally a 'party is charged with knowledge of what its agents know or what is in records available to it.' Rule 34 is broadly construed and documents within a party's control are subject to discovery, even if owned by a nonparty. . . When determining the sufficiency of control of material for purposes of Rule 34, the nature of the relationship between the party and the non-party is the key." (citations omitted)).

---

[8] The Court notes while Plaintiffs specifically seek medications that Defendant Robinsons "consumed", which suggests the taking of medication through oral ingurgitation and ingestion, the Court is of the opinion that the intent of the request is sufficient to encompass production of this information.

Defendant Robinson is in the position through a pharmacist-patient relationship to command the release of certain documents from Walgreens, such as her personal prescription records. *Id.* ("The applicable test is whether the litigant has the ability to obtain the documents on request to a related party, either as a matter of law or as a matter of practical fact."). As such, the Court finds Defendant Robinson is in possession of her prescription record, as she has the ability to obtain the documents on request, within the meaning of the Federal Rules of Civil Procedure.

Moreover, as the prescription records are easily accessible at little to no cost to Defendant Robinson, the Court simply cannot find the burden of production outweighs the needs of the case. In addition, despite Robinson's objections on grounds of privacy, this case's central issue pivots around the assignment of fault for an accident that resulted in a fatality. Because Defendant Robinson's use and/or misuse of her prescription medications Vyvanse and Celexa could indicate some degree of fault, the Court finds the request proportional to the needs of the case.

In addition, while Defendant suggest Robinson's response to Plaintiff's interrogatory No. 13 should suffice, the Court notes the information notably missing from her response that is included in her prescription medication records—namely, her prescribing doctor, the quantity, the bottle instruction, the dosage, and the refill dates. Accordingly, of the Court finds Request for Production No. 2 proportional to the needs of the case.

Finding Defendant Robinson's prescription records relevant, within Robinson's possession or control, and proportional to the needs of the case, the Court grants in part Plaintiffs' motion to compel in regard to Request for Production No. 2.

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that **Motion to Compel Production of Jennifer Robinson's Prescription Records (R. Doc. 83)** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent the Court finds Defendant Robinson's prescription records for Celexa and Vyvanse from May 31, 2018 to August 31, 2019 relevant.

**IT IS FURTHER ORDERED** that the motion is **DENIED** to the extent the Court will not require Defendant Robinson execute a medical authorization as sought in Request for Production No. 1.

**IT IS FURTHER ORDERED** that the Plaintiffs are to retrieve the documents from the Court **within seven (7) days** from the signing of this order. In the alternative, due to the limited number of documents produced by Defendants, counsel for the Plaintiffs may request this Chambers transmit the documents via email correspondence.

New Orleans, Louisiana, this <u>2nd</u> day of January 2020.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**