UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MELISSA RIVERA AND** | * | **CIVIL ACTION NO: 18-14005** |
| **RICARDO SILVA SR.** | * | |
| | * | |
| **VERSUS** | * | **HONORABLE MARY ANN** |
| | * | **VIAL LEMMON** |
| **JENNIFER ROBINSON AND HER INSURER,** | * | |
| **STATE FARM MUTUAL INSURANCE** | * | |
| **COMPANY, CHURCH OF THE KING,** | * | |
| **INCORPORATED, D/B/A/ A/K/A/ CHURCH** | * | **MAGISTRATE JUDGE** |
| **OF THE KING AND ITS INSURER, CHURCH** | * | **KAREN WELLS ROBY** |
| **MUTUAL INSURANCE COMPANY** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO DEFENDANTS' MOTION IN LIMINE**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Melissa Rivera and Ricardo Silva, Sr., parents of decedent Ricardo Silva, Jr., who respectfully request this Court deny Defendants' Motion in Limine to exclude allegations and evidence regarding Defendant Jennifer Robinson's alleged use of a sunshade on the driver's side window as this allegation is material and pertinent to newly discovered information learned through Defendant Jennifer Robinson's recent deposition as discussed more fully below.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed an original Petition for Damages on December 20, 2018. (Rec. Doc. 2) Defendants filed a Joint Rule 12(f) Motion to Strike Allegations in Plaintiffs' Petition and attached exhibits on February 7, 2019. (Rec. Doc. 19) The Court granted Defendants' 12(f) Motion in part and ordered Plaintiff to re-file the Petition. (Rec. Doc. 26) In relevant part to this present Motion in Limine, the Court ordered that allegations regarding Defendant Robinson not wearing a seatbelt and the presence of a sunshade on her left driver side window be stricken as immaterial given the

1

facts known at the time. Plaintiff timely re-filed the complaint in compliance with the Cout's order. (Rec. Doc. 27)

Plaintiffs filed a Supplemental and Amending Petition for Damages on August 27, 2019 to which Defendants opposed. (Rec. Doc. 62) Plaintiff learned new information regarding Defendant Robinson's use of her vehicle's Info. Entertainment System and cell phone at the time of the crash. Plaintiffs were granted leave to amend as this newly discovered information related back to Plaintiffs' original claim that Defendant Robinson was distracted at the time of the crash. (Rec. Doc. 77) The Court granted Plaintiffs' leave to amend and further ordered the previously stricken allegations and exhibits to be omitted from the amended complaint. (Rec. Doc. 77)

On January 6, 2020, Defendant Jennifer Robinson was deposed. (Exhibit P-67) Defendant Robinson testified that she is vision impaired in her left eye, and that since the crash, she has been required to have driving restrictions on her driver's license. (Exhibit P-67) Jennifer Robinson testified in her deposition as follows:

> "Q.   And your driver's license, you have a Louisiana driver's license?
> A.   Yes, sir.
> Q.   Do you have any restrictions on that license?
> A.   Not at the time of the accident, no.
> Q.   Okay.  Do you have any restrictions now?
> A.   I do."
> (Exhibit P-67 Robinson Deposition 10:17-10:25)


> "Q.   And then Driver's License 2 here, this is after the accident.
> (Document marked as Exhibit No. 2 for identification.)
>     BY MR. MCGOVERN:
> Q.   And there's a difference in
> Q.   And then Driver's License 2 here, this is after the accident.
>
> (Document marked as Exhibit No. 2 for identification.)
> BY MR. MCGOVERN:
> Q.   And there's a difference in restrictions:  Corrective lenses, left outside rearview mirror, vision loss, left.  What is that about?

> A. I'm not sure.
> Q. Okay. You're not sure. Did you like go to the eye doctor or something? Why do they have the restrictions? When you took your exam or something, there was some problem with your vision?
> A. They didn't explain that to me.
> Q. Okay. When did they make this change on your license?
> A. When I had the updated address just a couple of months ago.
> Q. Oh, I got you. Okay. And did you have to go to a doctor for your vision or anything?
> A. A checkup.
> Q. A checkup? Okay. And then do you wear contacts now or glasses now?
> A. Both." (Exhibit P-67 Robinson Deposition 11:20 -12:21)

For reasons more fully discussed below, this new information regarding Defendant Robinson's vision impairment now makes the existence of a sunshade on the left driver side window of her car highly relevant and material to Plaintiffs' claim that Defendant Robinson was distracted at the time of the crash.

## II. LAW & ANALYSIS

A. <u>Standard of Review</u>

A party may obtain in discovery any nonprivileged matter that is relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1) Federal Rule of Evidence Rule 401 states "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." A court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

B. <u>Plaintiff Does Not Dispute Exclusion of Seatbelt</u>.

Plaintiff does not contest the relevance of Defendant Robinson not wearing her seatbelt at the time leading up to the crash. Plaintiff does not oppose Defendants' Motion in Limine regarding

3

allegations of Defendant Robinson not wearing her seatbelt. However, Plaintiff does oppose Defendants' argument regarding evidence of Defendant Robinson obstructing her driver's side window with an illegal sunshade at the time of the crash.

C. <u>Newly Discovered Information Makes the Sunshade Relevant and Material to Plaintiff's Claim that Defendant Robinson was Distracted at the Time of the Crash</u>.

While allegations regarding the sunshade may have been immaterial in the initial stages of this litigation, new information discovered during Defendant Robinson's deposition regarding her impaired vision in her left eye has made the existence of the sunshade relevant and material to this case.

In a recent deposition of Defendant Robinson, it was learned that her vision is impaired in her left eye. Due to Defendant Robinson's impaired vision, she has driving restrictions on her driver's license which state a need for corrective lenses on the left outside rearview mirror, due to vision loss. (Exhibit P-67 Robinson Deposition 11:20-12:10). Defendant Robinson's vision impairment is in her left eye, as she only has one contact in one eye. (Exhibit P-67 Robinson Deposition 13:9-13:16)

Defendant Robinson was turning left into her driveway moments prior to the crash. Due to her impaired vision in her left eye and the sunshade obstructing her field of vision on the left driver's side window, Defendant Robinson spent more time focusing on the left side of her vehicle while turning into her narrow driveway at the time of the crash. Defendant Robinson was distracted due to the obstruction of the sunshade and spent more time looking through the left driver side window while making the turn into her narrow driveway instead of paying attention to oncoming traffic. A combination of Defendant Robinson's vision loss and the sunshade further obstructing her vision would have caused her to focus longer on the left side of her vehicle as oppose to the front facing

4

oncoming traffic. Jennifer Robison stated in her 911 call, **"I don't know what happened."** (Exh. P-40a audio recording transcript)

Further, Defendant Robinson would have had to almost turn her head left and away from the direction of oncoming traffic in order to see her narrow driveway and to make her left turn. This would explain why Defendant Robinson said in her statements that she did not see Ricardo Silva Jr. because she was distracted while trying to see through an obstructed left window while turning into her driveway. Defendant Robinson's written statement supports this assertion that Defendant Robinson was more focused on looking and turning left into her driveway prior to the crash

Written Statement #1:

> "Today I was traveling northbound on highway 1082 preparing to turn left onto my drive. I slowed my car and looked for oncoming traffic southbound. The traffic was clear. **I looked toward the driveway because it is narrow with a ditch to the right then back towards oncoming traffic...**" (Exhibit P-1 page 10)

Written Statement #2:

> "I was traveling northbound on highway 1082 preparing to turn left onto my drive. I slowed my car and looked for oncoming traffic coming southbound. All oncoming traffic was at a safe distance. **I looked towards the driveway because its narrow – my car turned began turning towards that direction** – but before fully committing I checked back for oncoming traffic..." (Exhibit P-1 page 11)

Based on Defendant Robinson's statements that she was focusing on the left side of her vehicle and her impaired vision, the sunshade obstructing her view on the left side of her vehicle is highly relevant and material to Defendant Robinson's negligence. Plaintiff has reason to believe that Defendant Robinson was negligent by further obstructing her vision while fully aware of her vision impairment.

Defendant Robinson was aware of her vision impairment in her left eye prior to the crash as she has a contact only in one eye. (Exhibit P-67 Robinson Deposition 13:9-13:16) Had Defendant

Robinson refrained from putting a sun shade on a portion of her vehicle in which she was already lacking visibility, she would not have had to focus so long on checking the visibility on the left side of her vehicle and would have seen Ricardo Silva Jr. coming head-on in the opposite lane of traffic. She was required to have a side mirror on her driver's license restriction and the sun shade impaired her vision of the mirror.

Plaintiff affirmatively alleges Defendant Robinson was distracted at the time of the crash in the Petition for Damages. (Rec. Doc. 2) This newly discovered information relating to Defendant Robinson's vision impairment makes the existence of a sunshade on the same side of her vision impairment relevant and material evidence.

### III.   CONCLUSION

The newly learned information regarding Defendant Robinson's vision impairment in her left eye has changed the circumstances regarding the materiality of the sunshade on Defendant Robinsons' left driver side window. This sunshade would have further obstructed Defendant Robinson's field of vision as she attempted to make a left turn into her driveway. As Defendant Robinson is severely vision impaired in her left eye, this sunshade would have forced her to focus for a longer duration of time to her left as she made her left turn, instead of paying attention to oncoming traffic. This evidence directly relates to Plaintiff's claim that Defendant Robinson was distracted at the time of the accident and would explain why Defendant Robinson made a statement that she did not see Ricardo Silva Jr. as he was riding his motorcycle directly in front of her.

Respectfully Submitted by:

*/s/ Glenn C. McGovern*
_____
Glenn C. McGovern (Bar# 9321)
Attorney for Plaintiffs

2901 Division Street, Ste. 201<br>
Metairie, LA 70002<br>
P.O. Box 516<br>
Metairie, LA 70004-0516<br>
Phone: (504) 456-3610<br>
Facsimile: (504) 456-3611<br>
Email gcmcg@mac.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of January, 2020, a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, same has been sent via Court's CM/ECF system to each party.

        */s/ Glenn C. McGovern*
        _____
        Glenn C. McGovern