# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MELISSA RIVERA AND RICARDO SILVA, SR. | CIVIL ACTION |
| VERSUS | NO: 18-14005 |
| JENNIFER ROBINSON, ET AL | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants' **Motion in Limine** (Rec. Doc. 115) is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

Detailed facts regarding this case have been set forth in prior orders of the court, and thus are not restated here. For purposes of this motion, it is sufficient to note that a previous order of the court struck plaintiff's allegations regarding defendant Jennifer Robinson's failure to use a seatbelt, and the use of a sun shade on the driver's left window, finding that those facts were not relevant to any issues for trial. See Rec. Doc. 26. With respect to the sun shade, the court found that because the collision occurred after the vehicles were approaching one another head on, and Robinson turned left into her driveway causing Silva to collide with the rear right side of her automobile, visibility related to Robinson's left window was irrelevant.

Subsequently, it has been established through deposition testimony that Robinson is vision impaired in her left eye, and that since the crash, she has been required to have driving restrictions related to her vision on her driver's license. Plaintiffs contend that this new

information regarding Robinson's vision impairment makes the presence of the sun shade on the left driver's side window relevant to their claim that Robinson was distracted at the time of the crash.

In the instant motion in limine, defendants seek a ruling excluding all evidence and allegations regarding Robinson's failure to wear a seatbelt, and her use of a sun shade on the driver's side window. Defendants contend that because the related allegations were stricken from the complaint, they are immaterial and impertinent and not relevant to the plaintiffs' negligence claims.

Plaintiffs do not oppose the exclusion of evidence and allegations regarding the failure to wear a seatbelt, but argue that at the time of the collision, Robinson was attempting to turn left in to her narrow driveway, and that her visual impairment and the sun shade on the left side, while she was focused on a tight left-hand turn, contributed to her distraction from the oncoming motorcycle, and played a role in causing the accident. Therefore, plaintiffs contend that the presence of the sun shade is relevant to Robinson's negligence.

## **DISCUSSION**

Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.

In the present case, plaintiffs have alleged that Robinson was distracted at the time of the crash. Amended Cmplt., Rec. Doc. 27. In support of this allegation, they theorize that one source of her distraction was the fact that at the time of the collision, she was attempting to make a left hand turn into a narrow driveway, shifting her focus away from oncoming traffic. The presence of the sun shade in her left window, coupled with her vision impairment, is relevant to the question whether Robinson was distracted and that her distraction contributed to the collision, which is a fact issue reserved to the jury. Accordingly,

**IT IS HEREBY ORDERED** that defendants' **Motion in Limine** (Rec. Doc. 115) is **GRANTED in part** and **DENIED in part**. Evidence regarding Robinson's failure to wear a seatbelt is excluded. Evidence regarding the presence of the sun shade is deemed admissible.

New Orleans, Louisiana, this 14th day of February, 2020.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**