UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MELISSA RIVERA AND** | * | **CIVIL ACTION NO: 18-14005** |
| **RICARDO SILVA SR.** | * | |
| | * | |
| **VERSUS** | * | **HONORABLE MARY ANN** |
| | * | **VIAL LEMMON** |
| **JENNIFER ROBINSON AND HER INSURER,** | * | |
| **STATE FARM MUTUAL INSURANCE** | * | |
| **COMPANY, CHURCH OF THE KING,** | * | |
| **INCORPORATED, D/B/A/ A/K/A/ CHURCH** | * | **MAGISTRATE JUDGE** |
| **OF THE KING AND ITS INSURER, CHURCH** | * | **KAREN WELLS ROBY** |
| **MUTUAL INSURANCE COMPANY** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO ALLOW THE GOLDEN RULE TO BE ARGUED REGARDING LIABILITY**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiffs Melissa Rivera and Ricardo Silva, Sr., parents of decedent Ricardo Silva, Jr., who respectfully requests this Honorable Court to grant Plaintiff's Contested Motion to Allow the Golden Rule to be Argued Regarding Liability for the foregoing reasons:

**INTRODUCTION**

Ricardo Silva Jr. was killed while driving his Honda CBR motorcycle as a result of Jennifer Robinson failing to yield to oncoming traffic and making an illegal left turn into her driveway. On the date of the crash, Jennifer Robinson was distracted by a sunshade affixed to the left driver side window of her vehicle. Jennifer Robinson has impaired vision in her left eye for which she has been issued a driving restriction on her license in which she is required to have additional mirrors on the driver side portion of her vehicle. Defendant Robinson's negligent actions caused Ricardo Silva Jr.'s death, and Plaintiffs' injuries.

1

**FACTUAL BACKGROUND**

On August 25, 2018, a vehicular crash occurred on Highway 1082, LA 21, Covington, Parish of St. Tammany, State of Louisiana, when a black 2017 Acura MDX, which was operated by Defendant Jennifer Robinson ("Defendant Robinson") and owned by Church of the King made a high speed, abrupt, left turn into the opposite traffic lane of Ricardo Silva Jr. ("Mr. Silva"). Mr. Silva died after he was struck while driving his red and white 2017 Honda CBR motorcycle after Defendant Robinson failed to yield. Defendant Robinson was careless, reckless and distracted with her driver's side window covered with a drawn down retractable shade device (Exhibit P-5 and P-6 attached).

In a recent deposition of Defendant Robinson on January 6, 2020, it was learned that her vision is impaired in her left eye. Due to Defendant Robinson's impaired vision, she has driving restrictions on her driver's license which state a need for corrective lenses on the left outside rearview mirror, due to vision loss. (Exhibit P-67 Robinson Deposition 11:20-12:10). Defendant Robinson's vision impairment is in her left eye, as she only has one contact in one eye. (Exhibit P-67 Robinson Deposition 13:9- 13:16)

Defendant Robinson was turning left into her driveway moments prior to the crash. Due to her impaired vision in her left eye and the sunshade obstructing her field of vision on the left driver's side window, Defendant Robinson spent more time focusing on the left side of her vehicle while turning into her narrow driveway at the time of the crash. Defendant Robinson was distracted due to the obstruction of the sunshade and spent more time looking through the left driver side window while making the turn into her narrow driveway instead of paying attention to oncoming traffic. A combination of Defendant Robinson's vision loss and the sunshade further obstructing her vision would have caused her to focus longer on the left side of her vehicle as oppose to the

front facing oncoming traffic. Jennifer Robison stated in her 911 call, **"I don't know what happened."** (Exh. P-40a audio recording transcript)

Further, Defendant Robinson would have had to almost turn her head left and away from the direction of oncoming traffic in order to see her narrow driveway and to make her left turn. This would explain why Defendant Robinson said in her statements that she did not see Ricardo Silva Jr. because she was distracted while trying to see through an obstructed left window while turning into her driveway.

Defendant Robinson was cited for improper turning and for violations of State law namely La. R.S. 32:104 and La. R.S. 32:295. Mr. Silva was not noted to be at fault for the crash that was caused solely due to the grossly negligent, careless, reckless, distracted driving of Defendant Robinson who failed to look for oncoming traffic before turning into the oncoming motorcycle of Mr. Silva.

## LAW AND ARGUMENT

I.  Plaintiffs Must be Allowed to Argue "The Golden Rule"

In both Louisiana federal and state jury trials, what is referred to, as "The Golden Rule Argument" is permissible in argument on liability but is prohibited in arguing damages. Some misunderstand the Golden Rule and falsely believe it is prohibited in arguing liability in Louisiana. This is not true. Defense counsel makes use of it all the time. There are limitations, but as discussed below "The Golden Rule Argument" can be used in both Louisiana federal and state courts in arguing liability. In Louisiana, while "The Golden Rule Argument" cannot be used in regard to arguing damages, it can be used in an argument on liability issues in Louisiana.

In *Young v. Amardores de Cabotage, S.A.*, 617 So. 2d 517 (La. App. 4th Cir. 1993) the court defined what the "Golden Rule Argument" is as follows:

3

> **The "Golden Rule Argument" refers to an argument exhorting that the jury place itself in a party's shoes with respect to damages . . . The "Golden Rule" is limited to application in those cases where the exhortation is with respect to damages.**

In *Young*, the use of the Golden Rule was discussed and upheld as proper. In *Duerden v. PBR Offshore Marine Corp.,* 471 So.2d 1111 (1985) *writ denied*, 476 So. 2d 355 (La. 1985) the use of the Golden Rule was upheld in discussing liability where the argument was made by defense counsel. Here is the argument was made by defense counsel that was upheld as proper:

> **Common sense tells you, ladies and gentlemen, that if a floor is wet and you just finished soaking it down you don't sit there and go back in there. You wait until it dries. And he didn't do that. And if that's not contributory negligence I don't know what is. I put the water there; I slip and fall in it. If somebody does that on your property, they put something slippery and they slip and fell in it, do you become automatically responsible just because they did something wrong? No. The court is going to look to . . .**

The Louisiana Supreme Court reviewed the Fifth Circuit's holding in *Burrage v. Harrell*, 537 F.2d 837 (5th Cir. 1976) and stated:

> **Appellant asserts that the trial court erred in overruling her objection to appellee's alleged 'golden rule' closing argument. Appellant's reliance on the 'golden rule' cases is misplaced: they deal with arguments in which the jury is exhorted to place itself in a party's shoes with respect to damages. See, e.g., *Skaggs v. J.H. Rose Truck Line, Inc.,* 435 F.2d 695 (5th Cir. 1970); *Har-Pen Truck Lines, Inc. v. Mills,* 378 F.2d 705, 714 (5th Cir. 1967). The rationale for prohibiting such an argument is that the jury's sympathy will be unfairly aroused, resulting in a disproportionate award of damages, e,g., *id.; Baron Tube Co. v. Transport Insurance Co.,* 365 F.2d 858, 862 (5th Cir. 1966).**

In *Bourque v. Gulf Marine Transport, Inc.,* 480 So. 2d 337 ( La. App. 3rd Cir. 1985) the court upheld the use of the Golden Rule for liability arguments of counsel:

> **Lastly, the argument is made that Bourque's counsel improperly suggested that the jurors place themselves in Bourque's shoes. Appeals to sympathy as**

4

**long as they are based on the facts of the case, ordinarily considered improper and furnish no ground for complaint. Citing Temple v. Liberty Mutual Insurance Company, 316 So. 2d 783 (La. App. 1st Cir. 1975), reversed on other grounds, 330 So. 2d 1352 (La. 1979), 88 C.J.S. trial, Sec. 191, p. 375 Read in the full context of counsel's argument, Bourque's counsel made reference to the facts of the accident and did not unduly play on the juror's sympathies so as to prejudice the defendants.**

The court compared this *Duerden* case to the *Burrage* decision, finding that,

**Here as in *Burrage*, the defense counsel's arguments were directed to the reasonableness of some action taken by the plaintiff rather than directed to the issue of damages. We find "no prejudicial error in the defendants' use of a 'golden rule argument' in the context within which it was used.**

The Court in *Burrage v. Harrell,* 537 F.2d 837 (5th Cir.1976) said:

**Appellant asserts that the trial court erred in overruling her objection to appellee's alleged 'golden rule' closing argument. Appellant's** *reliance on the 'golden rule' cases is misplaced: they deal with arguments in which the jury is exhorted to place itself in a party's shoes with respect to damages. See, e.g., Skaggs v. J.H. Rose Truck Line, Inc.,* **435 F.2d 695 (5th Cir.1970);** *Har-Pen Truck Lines, Inc. v. Mills,* **378 F.2d 705, 714 (5th Cir.1967). The rationale for prohibiting such an argument is that the jury's sympathy will be unfairly aroused, resulting in a disproportionate award of damages, e.g., id.;** *Baron Tube Co. v. Transport Insurance Co.,* **365 F.2d 858, 862 (5th Cir.1966). Here, as in** *Burrage,* **the defense counsel's** *arguments were directed to the reasonableness of some action taken by the plaintiff rather than directed to the issue of damages*. **We find no prejudicial error in the defendants' use of a "golden rule argument" in the context within which it was used. We therefore find that the plaintiff's second assignment of error is without merit.**

*Duerden v. PBR Offshore Marine Corp.*, 471 So. 2d 1111, 1114 (La. App. 3d Cir. 1985)

*writ denied*, 476 So. 2d 355 (La. 1985)"

In *Morgan v. Liberty Mut. Ins. Co*, 323 So. 2d 855, (La. App. 4 Cir. 1975) the argument of plaintiff's counsel as to damages was found inflammatory and highly prejudicial, where plaintiff's counsel equated defendant's negligence with criminality and his statement that the jurors would be Morgan's executioners if they did not bring back a high award saying:

5

> **Maybe the Lord left him here to test my ability, to convince you all maybe he left him here to determine whether or not you have the necessary charity, or the necessary good conscious to take care of him, or whether you can turn your back on him and go home and live your life knowing that your pulled the plug. Maybe that is why he left him her, I don't know, but he is here. He is here and he is helpless because Riley Stoker didn't care, they didn't care about safety. They ignored the premonitions, the ignored what they knew was going to happen, what they were told, and he is here . . .**

In *Stokes v. Delcambre*, 710 F.2d 1120 (C.A. 5 (La.) 1983), the 5th Circuit Court of Appeals upheld the use of the Golden Rule Argument in a case of a young college student arrested for misdemeanor charges involving throwing a beer cans out a truck and then intentionally put in a section of jail at breakfast with hard core felons knowing the young man would be sexually attacked. The court discussed the Golden Rule Argument as being permissible to discuss liability:

> **The use of the Golden Rule argument is improper only in relation to damages. It is not improper when urged on the issue of ultimate liability. *Burrrage v. Harrell*, 537 F. 2d 837 (5th Cir. 1976). The two objected-to uses of the Golden Rule argument requested the jury to put themselves in Stokes' place to determine whether his fears and resultant failure to request help were reasonable. This determination went to the ultimate question of liability, not the amount of damage. Stokes' counsel did without objection in his closing make an arguably forbidden Golden Rule appeal related to damages. We are limited in our review, however, to consideration of those arguments to which objections were leveled…. We have previously stated in another context, "We do not view juries as emotional slot machines and do not suppose them to be so. Instead we review this type of hyperbolic statement with some level of confidence in the maturity of twelve citizens . . .**

*United States v. Cochran*, 697 F.2d 600, 607 (5th Cir. 1983).

As set out in the above cases, the Golden Rule Argument is clearly permissible when arguing liability in both Louisiana federal and state courts.

                                      Respectfully Submitted by:

                                      */s/ Glenn C. McGovern*

                                        _____
Glenn C. McGovern (Bar# 09321)
Attorney for Plaintiff
2901 Division Street, Ste. 201
Metairie, LA 70002
P.O. Box 516
Metairie, LA 70004-0516
Phone: (504) 456-3610
Facsimile: (504) 456-3611
Email Glenn@glennmcgovern.com

## **CERTIFICATE**

I certify a copy of this pleading was sent to all counsel in this matter by electronic filing and email on this 13th day of March, 2020.

*/s/Glenn C. McGovern*
_____
Glenn C. McGovern (Bar# 09321)