UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA RIVERA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-14005** |
| **JENNIFER ROBINSON, ET AL.** | **SECTION: "S" (4)** |

### ORDER

Before the Court is **Plaintiffs' Motion for Leave to File Second Supplemental and Amending Complaint to Add Claim for Negligent Entrustment (R. Doc. 131)** seeking leave to file a Supplemental and Amending Complaint, to add a claim against Defendant Church of the King for negligent entrustment of an automobile. This motion is opposed. R. Doc. 147. This motion was set for submission on June 3, 2020 and was heard on the briefs.

### I.   Background

Plaintiffs Melissa Rivera and Ricardo Sr. filed this action in diversity in the District Court on December 20, 2018, as biological parents to deceased son, Ricardo Silva, Jr., for wrongful death and survival damages. R. Doc. 2, p. 1. This action involves a motor vehicle accident. At approximately 5:54 p.m. on the evening of August 25, 2018, Ricardo Silva, Jr. stopped at a traffic light, and on his sport bike motorcycle, was struck by Defendant Jennifer Robinson, an employee running an errand for the Church of the King, Inc. ("Church of the King"). R. Doc. 2, p. 1-2. This collision resulted in the death of Ricardo Silva, Jr. R. Doc. 2, p. 2. The Plaintiffs allege, *inter alia*, the accident occurred as Defendant Robinson was careless, reckless, distracted, had her vision obstructed, and failed to look for and yield to oncoming traffic. R. Doc. 2, p. 1-2 and p. 4.

On August 27, 2019, Plaintiffs filed their first amended and supplemental complaint to specifically pled that Defendant Robinson was under the influence of prescription medication at the time of the accident. R. Doc. 78. On October 30, 2019, the Court entered an Amended

Scheduling Order establishing November 29, 2019 as the pleading amendment deadline. R. Doc. 104.

On May 13, 2020, Plaintiffs filed this instant motion for leave to file a supplemental and amended petition for damages to allege a new cause of action, negligent entrustment, against Defendant Church of the King. R. Doc. 131. Plaintiffs contend that in the process of conducting discovery new facts came to light that give rise the newly asserted cause of action, namely that Defendant driver Jenifer Robinson suffered significant vision loss in her left eye at the time of the accident. R. Doc. 131-1. Plaintiffs ultimately suggest good cause exist to allow the amendment in light of this discovery and as there is no undue delay, bad faith, or dilatory motive in Plaintiffs'' request. *Id.* As such, Plaintiff seeks the Court grant this motion. *Id.*

Defendants oppose this motion and contend that Plaintiffs have not established good cause for failing to amend their Petition with the deadline set by the Amended Scheduling Order. R. Doc. 147. Defendants also contend that Plaintiff waiting until the end of the discovery period to seek discovery into Defendants eye condition is suggestive of a dilatory motive and the prejudice they will suffer as a result of this amendment is high and not easily curable by any extension of deadlines. *Id.* As such, Defendants seek the Court deny this motion. *Id.*

**II.     Standard of Review**

Generally, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be

decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994).

An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)). "It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 200 (5th Cir. 2016). As such, the Court must accept all well-plead facts as true and view them in the light most favorable to the non-moving party. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004) (internal quotation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where viability of a

claim is at least facially possible, futility does not provide grounds for denying an amendment. *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 353–54 & n. 6 (5th Cir.2011).

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)). Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

### III. Analysis

As noted above, the pleading deadline imposed by the Scheduling Order lapsed without extension. *See* R. Doc. 104. Thus, Rule 16(b) governs amendment of pleadings in this matter, and Plaintiffs must establish "good cause" for their untimely amendment before the liberal Rule 15(a) standard applies.

### A. Rule 16(b)

In determining whether good cause exists to allow amended pleadings outside the November 29, 2019 deadline imposed by the Scheduling Order (R. Doc. 104), the Court first

considers movants' explanation for its failure to timely move for leave to amend. *Schubert Marine Sales*, 2003 WL 21664701, at *2.

Plaintiff contends that it did not timely move for leave to amend where this amendment is prompted through the discovery of new information through various discovery devices. R. Doc. 131-1, p. 1. Specifically, in the January 6, 2020 deposition of Defendant Robinson Plaintiffs discovered that she had to wear a contact in her left eye and that she had, since the time of the accident, failed her eye exam for her state drivers license renewal. R. Doc. 131-1, p. 2; *see also* R. Doc. 131-3. As a result of this information, Plaintiffs probed deeper into Defendant Robinson's eye issues through requesting Robinson's optometric records. *Id.* Those records indicated that Robinson had suffered significant vision loss and had complained of blurred vision since May 22, 2018. *Id.* In addition, those records indicated that on June 1, 2018, approximately three months prior to the fatal crash, Defendant Robinson was diagnosed with retinal detachment.[1] *Id.*

Defendants contend that Plaintiffs explanation of discovering Robinson's optometric records does not support a finding of good cause where Plaintiffs did not seek any information regarding Robinson's ability or inability to see, i.e., whether Robinson wore glasses, had ever undergone eye surgery, or suffered any kind of vision problem. R. Doc. 147, p. 3. Defendants also contend that Plaintiffs did not expeditiously seek to discover this information once it became known Robinson had an eye issue. R. Doc. 147, p. 9. Defendants finally contend that this amendment is not timely where Plaintiffs could have added the claim of negligent entrustment as soon as they became aware of Robinson's use of Vyvanse and Celexa. R. Doc. 147, p. 10.

---

[1] Retinal detachment is a serious eye condition that happens when the retina—a layer of tissue at the back of one's eye that processes light—pulls away from the tissue around it. Doctors also call it detached retina. Since the retina cannot work properly when this happens, people afflicted with detached retinas can suffer permanent vision loss if they do not get it treated right away. https://www.webmd.com/eye-health/eye-health-retinal-detachment#1, last visited June 16, 2020.

Here, the Court starts with the notion, as courts in this circuit have held, "[n]ewly discovered information acquired through discovery . . . constitute[s] good cause for an untimely leave to amend under Rule 16." *Rivera v. Robinson*, No. CV 18-14005, 2019 WL 4024939, at *2 (E.D. La. Aug. 27, 2019) (citing *Bayou Liberty Prop., LLC v. Best Buy Stores, LP*, 2015 WL 1415704, at *2 (E.D. La. Mar. 27, 2015)). The Court also notes that, after Plaintiff filed a Motion to Compel Production of Jennifer Robinson's Prescription Records (R. Doc. 83), in which the Court conducted in camera review of her prescription medications, on January 3, 2020, the Court entered an order releasing the records. R. Doc. 114. In that order, the Court notes Defendant Robinson's use of Prolensa Ophthalmic (used to treat inflammation and pain in the eye after cataract surgery) and Durezol Ophthalmic (used to treat swelling and pain after eye surgery). R. Doc. 114, p. 10. The Court also noted that on June 7, 2019 Defendant Robinson did not indicate any consumption of eye medication prescriptions in response to Plaintiffs' Interrogatory No. 13 which specifically sought her list which the medications she consumed within seventy-two (72) hours of the accident. R. Doc. 114, p. 11; *see also* R. Doc. 83-6. Based on the Court's understanding, the release of those record to Plaintiff, after January 3, 2020, would have been the first time Plaintiffs became aware of the fact that Defendant Robinson potentially suffered from any vision impairment issues.

In addition, as Defendants concede, during the deposition of Robinson on January 6, 2020, Plaintiff inquired, albeit not extensively, into Robinson's potential vision problems. R. Doc. 147, p. 5. Following the deposition, Plaintiffs propounded a Request for Production seeking a release of Robinson's records from Defendant's Ophthalmologist, Dr. Satya Reddy. *Id.* After Defendants objected to the substantive and temporal scope, Plaintiffs and Defendants were finally able to agree to a release on April 6, 2020. *Id.* On April 30, 2020 Plaintiffs received those records. R. Doc. 147, p. 6. Less than two weeks after Plaintiffs were in receipt of these records to establish an evidentiary

good faith basis for bringing a new cause of action, on May 13, 2020, the Plaintiffs filed the instant motion seeking leave to amend their petition for damages in light of that discovery. *See* R. Doc. 131. Nothing to the Court suggests that Plaintiffs were not diligent in seeking to uncover the information which gave rise to this additional cause of action.[2] As such, the Court finds that Plaintiffs have articulated a valid explanation for its untimely proposed amended complaint. *See EPL Oil & Gas, Inc. v. Tana Expl. Co., LLC*, No. CV 18-00757, 2018 WL 4489287, at *3 (E.D. La. Sept. 17, 2018) (finding good cause and valid explanation existed where party only learned of facts supporting the claims after the amendment deadline). As such, the Court only weighs this factor in favor of allowing the amendment.

Next, the Court considers the importance of the amendment. *Schubert Marine Sales*, 2003 WL 21664701, at *2. Defendant concedes that the amendment is important. R. Doc. 147, p. 11 ("This amendment is likely important to Plaintiffs' case."). Generally, where "newly acquired evidence may establish Defendants' liability under an alternative theory," "the importance of the proposed amendment also weighs in favor of a "good cause."" *Rangel v. Gonzalez Mascorro*, No. CV L-10-104, 2011 WL 13353220, at *3 (S.D. Tex. Aug. 19, 2011) (finding good cause existed to amend pleading deadline where deposition testimony established cause of action for negligent entrustment).

In addition, Plaintiffs risk being unable to litigate these new claims to where "new claims, although premised on a different theory of liability, arise out of the same transaction." *Luevano v. Glaser Trucking Serv., Inc.*, No. 5:14-CV-88-DAE, 2015 WL 1566050, at *3 (W.D. Tex. Apr. 8,

---

[2] The Court, here, also rejects any notion by the Defendants that Plaintiffs needed to be clairvoyant about Robinson's potential vision problems or that Defendants did not vigorously pursue discovery because they only sought the records through a request for production as opposed to also propounding any additional interrogatories, especially where Defendant did not indicate usage of eye medication in response to Plaintiff's Interrogatory No. 13 on June 7, 2019.

2015) (stating Plaintiffs can be barred from ever bringing claims in collateral or subsequent law suit and discussing res judicata and convenience of trial); *see also* La. Civ. Code Ann. art. 3492 ("Delictual actions are subject to a liberative prescription of one year."). Where a party is precluded from litigating a claim, the Court should find the evidence supports a finding of good cause. *Id.*

Here, the accident occurred on August 25, 2018. As a wrongful death case, sitting in diversity, Louisiana law governs. *See Luevano*, 2015 WL 1566050, at *3 ("federal court sitting in diversity must apply the substantive law of the forum state."). Here, Plaintiffs can relate back their negligent entrustment claim to the original filing of their complaint in federal court on December 20, 2018. However, it is not likely that Plaintiffs would be able to bring a separate suit to bring this new cause of action nearly two years after the accident. Adding the new cause of action then must be considered important for the complete resolution of the claims. As such, the Court weighs this factor heavily in favor of allowing the proposed amendment.

Third, the Court considers the potential prejudice in allowing the amendment. Typically, when a party seeks to plead a new cause of action or different parties, so close to the end of the discovery period, that fundamentally alter the nature of the case, the Court should find undue prejudice supports denial of the amendment. *See, e.g., Urbino v. Associated Bldg. Servs., L.L.C.*, No. CV 18-4006, 2018 WL 4775006, at *2 (E.D. La. Oct. 3, 2018). However, the Fifth Circuit has clarified that an amendment that alleges the new cause of action that "merely propos[es] alternative legal theories for recovery on the same underlying facts" should be generally permitted. *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) ("Amendments that fall into the former category generally should be permitted, as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities.").

Here, the Court does not find the "late tendered amendments involve new theories of recovery." *Id.* Since this case has been instituted, Plaintiffs have pursued this case under the theory that Defendant Robinson was a negligent and distracted driver. What caused Robinson to be negligent and distracted—whether prescription medication or retinal detachment—has evolved through the course and scope of discovery. At this point, while the Court believes that additional discovery will be necessary to support or defendant against Plaintiffs' new cause of action, negligent entrustment, the Court is of the opinion that the remaining discovery would not be inordinately extensive. *See also* R. Doc. 77, p. 4 (permitting proposed amendment because" the proposed amendment comprises a claim sounding in negligence, so it does not require a major revision to defendant's trial strategy.'). Notwithstanding, subsequent to filing this motion, motions for partial summary judgement have been filed in this case. *See Rangel*, 2011 WL 13353220, at *3 (filing of dispositive motions such as motions for summary judgment is indicative of undue prejudice). As such, the Court weighs this factor only slightly in favor allowing the proposed amendment.

Finally, the Court considers "the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2. Here, the Scheduling Order controlling this case states "[c]ontinuances will not normally be granted." R. Doc. 104. The District Judge presiding over this case has previously granted a motion to continue trial dates and scheduling deadlines to allow for further discovery. *See* R. Doc. 100 and 101. As such, the Court is of the opinion that the District Judge would likely permit limited discovery to support this cause of action beyond the deadlines imposed in this case to cure any prejudice to the Defendants. As such, the Court finds this factor supports permitting the proposed amendment.

Accordingly, considering the totality of Rule 16(b) factors, the Court finds good cause exists for this untimely amendment. The Court now proceeds to a review of Rule 15(a)'s liberal pleading standards, and, specifically, for futility.

### C. Rule 15(a)

As an initial matter, the Court notes that there is no evidence of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotations omitted). Moreover, "Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones*, 427 F.3d at 994 (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)).

"In Louisiana, owners of motor vehicles are ordinarily not personally liable for damages, which occur while another is operating the vehicle. Exceptions to this rule occur only when the driver is on a mission for the owner of the vehicle, when the driver is an agent or employee of the owner, or when the owner is himself or herself negligent in entrusting the vehicle to an incompetent driver." *Brown v. Unknown Driver*, 2005-0421 (La. App. 4 Cir. 1/18/06), 925 So. 2d 583, 588.

Plaintiffs' claim for negligent entrustment is based on the following allegations: Jennifer Robinson is married to Steven Robinson, pastor of Defendant Church of the King; Jennifer Robinson was formerly, and perhaps currently, an officer of Church of the King; the vehicle Robison was driving was owned by Church of the King and was used by Jennifer Robinson. *See* R. Doc. 131-2. Based on these alleged relationships, Defendant Church of the King then had actual and or constructive knowledge of Jennifer Robinson's vision loss. *Id.* The Court finds these claims support a claim for negligent entrustment against Church of the King. As such, the Court does not

find this amendment to be futile. As such, given the liberal standard espoused by Rule 15, combined with the fact that the Court sees no substantial reason to deny the motion, the Court finds Plaintiffs have met the low bar needed to amend under Rule 15(a).

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Leave to File Supplemental and Amending Complaint (R. Doc. 131)** is **GRANTED.**

New Orleans, Louisiana, this 22nd day of June 2020.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**