UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA RIVERA, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-14005** |
| **JENNIFER ROBINSON, ET AL** | **SECTION: "S" (4)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiffs' **Motion for Partial Summary Judgment** (Rec. Doc. 240) is **GRANTED** as unopposed, and Church of the King is vicariously liable for Jennifer Robinson's acts;

**IT IS HEREBY ORDERED** that defendants' **Motion for Partial Summary Judgment** (Rec. Doc. 252) is **GRANTED**, and plaintiffs' claims for negligent entrustment are dismissed;

**IT IS HEREBY ORDERED** that plaintiffs' **Motion for Partial Summary Judgment** (Rec. Doc. 245) is **DENIED**.

BACKGROUND

Detailed facts of this case, which stem from a motorcycle fatality that occurred when Jennifer Robinson turned into her driveway and collided with decedent, Ricardo Silva, Jr. have been set forth in prior orders of the court and thus are not restated here.

Plaintiffs have amended their complaint to add a claim for negligent entrustment against defendant Church of the King, alleging that Church of the King was negligent in entrusting to defendant Robinson the vehicle she was driving at the time of the accident. Defendants have moved for partial summary to dismiss the claim, arguing that because Church of the King has

stipulated that it was vicariously responsible for Robinson's actions at the time of the accident, under Louisiana law, plaintiffs may not maintain a simultaneous negligent entrustment claim. Alternatively, they argue that under the evidence in this case, plaintiffs cannot meet the requirements to establish negligent entrustment. Plaintiffs oppose defendants' motion, and have filed a cross-motion for summary judgment contending that they may maintain both a respondeat superior claim and direct negligence claim, and that they are entitled to a judgment in their favor on negligent entrustment.

## DISCUSSION

*Standard of review*

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986).

If the moving party meets the initial burden of establishing that there is no genuine issue,

the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

*Analysis*

As noted above, defendants seek to dismiss the negligent entrustment claim, arguing that Louisiana law does not permit a separate direct negligence cause of action for negligent entrustment when defendant has stipulated to vicarious liability. Plaintiff opposes and has filed a cross-motion, pointing to a recent federal district court case from the Western District of Louisiana that held the opposite. Thus, the instant cross-motions present a threshold question of whether, under Louisiana law, a plaintiff may simultaneously maintain a cause of action for respondeat superior liability and for direct negligence (negligent entrustment) against an employer, when the employer has stipulated to vicarious liability for the employee's negligent act.[1] Because the court's jurisdiction is premised on diversity jurisdiction, it must apply the

---

[1] It is not disputed that defendant, Church of the King, is vicariously liable for the acts of its employee, co-defendant Jennifer Robinson, and thus, plaintiffs' motion for partial summary judgment seeking a ruling that Church of the King is vicariously liable for Jennifer Robinson's acts is granted as unopposed.

substantive law of the forum state, Louisiana. Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938).

"Louisiana law lacks binding precedent as to whether simultaneous causes of action can be brought against the employer under the doctrine of respondeat superior as well as the negligence of the employer in hiring, training, and/or supervision when the employer has stipulated that the employee acted in the course and scope of employment." Wright v. National Interstate Insurance Co., 2017 WL 5157537, at *2 (E.D. La. Nov. 7, 2017). Because there is no binding Louisiana Supreme Court precedent on this issue, the court must make an Erie guess to resolve the instant motion – that is, it must "determine as best it can" what the Supreme Court of Louisiana would decide if presented with the same question. Howe ex. rel Howe v. Scottsdale Ins. Co., 204 F.3d 624, 627 (5th Cir. 2000).

To do so, this court may look to the decisions of the Louisiana intermediate courts of appeal for guidance. Id. The federal court's role is to predict, not create or modify state law. Id. at 628. Thus, the precedent provided by the intermediate appellate courts of Louisiana cannot be disregarded when the party advocating a departure from those rulings does not offer anything to suggest why the Supreme Court of Louisiana would decide the case differently. Id.

As noted in Meadors v. D'Agostino, 2020 WL 1529367, *3 (M.D. La. Mar. 30, 2020), this court "is not the first to make an Erie guess on this issue . . . . federal courts in all three districts of Louisiana embarked on the same jurisprudential search,"[2] relying on cases from three

---

[2]See e.g., Watson v. Jones, 2020 WL 3791894 (E.D. La. 7/7/20); Meadors v. D'Agostino, 2020 WL 1529367 (M.D. La. 3/30/20); Jones v. Nat'l Liab. & Fire. Ins. Co., 2020 WL 1332944 (E.D. La. 3/23/20); Baham v. Lovorn & Lovorn Trucking, Inc., 2020 WL 2310390 (E.D. La. 3/10/20); Andry v. Werner Enterprises of Nebraska, 2020 WL 419296 (E.D. La. 1/27/20); Coffey v. Knight Refrigerated, LLC, 2019 WL 5684258 (E.D. La. 11/01/19); Giles v. Ace

Louisiana appellate courts.³ Almost uniformly, courts considering this question have held that "when an employer stipulates to course and scope, the plaintiff cannot also maintain a direct negligence claim against the employer." Id. (quoting Pigott v. Heath, 2020 WL 564958, at *3 (E.D. La. Feb. 5, 2020). The federal cases were influenced by Dennis v. Collins, 2016 WL 6637973 (W.D. La. Nov. 9, 2016), in which the court conducted an in-depth review of Louisiana jurisprudence "to formulate an Erie guess so compelling that subsequent rulings have yet to depart from it." Meadors, 2020 WL 1529367, at *3.⁴

Like the instant case, in Dennis, the driver, an employee of the defendant, allegedly caused a collision with the plaintiff's vehicle. The defendant argued, based on state court appellate decisions, that the plaintiff could not simultaneously pursue both a negligence cause of action based on vicarious liability and a direct negligence cause of action for negligent supervision and/or negligent training against the employer, when the employer stipulated that the employee was in the course and scope of employment when he committed the alleged negligent

---

American Ins. Co., 2019 WL 2617170 (E.D. La. 6/26/19); Thomas v. Chambers, 2019 WL 1670745 at *6-7 (E.D. La. 4/17/19); Vaughn v. Taylor, 2019 WL 171697, at *3 (W.D. La. Jan. 10, 2019); Franco v. Mabe Trucking Co., Inc., 2018 WL 6072016, at *4 (W.D. La. Nov. 20, 2018); Wright v. Nat'l Interstate Ins. Co., 2017 WL 5157537 (E.D. La. 11/7/17); Wilcox v. Harco Int'l Ins., 2017 WL 2772088, at *3 (M.D. La. June 26, 2017); Dennis v. Collins, 2016 WL 6637973, at *7 (W.D. La. Nov. 9, 2016).

³Elee v. White, — So. 3d. —, 2020 WL 4251974, *4 (La. App. 1 Cir. 7/24/20); Landry v. Nat'l Union Fire Ins. Co. of Pittsburg, 289 So.3d 177 (La. App. 5 Cir. 12/30/19), writ denied 295 So. 3d 945 (La. 5/1/20); Libersat v. J&K Trucking, Inc., 772 So.2d 173, 179 (La. App. 3 Cir. 10/11/00).

⁴Meadors was decided before Gordon v. Great West Casualty Co., 2020 WL 3472634 (W.D. La. 6/25/20), which did depart from the Dennis holding.

act. The Dennis court, taking cognizance of Louisiana Civil Code article 2320, acknowledged that "Louisiana law supports theories of direct negligence and vicarious liability to hold employers accountable for their actions and the actions of their employees." However, it found that formulation overbroad, because it fails to account for the fact that "while 'direct negligence' is an independent negligence cause of action against the employer, 'vicarious liability' is not a cause of action, but rather a method of holding one party liable for the conduct of another, of which respondeat superior is merely a species." Dennis v. Collins, 2016 WL 6637973, at *5. Thus, it concluded that in cases where vicarious liability is stipulated,[5] the plaintiff's direct negligence actions were subsumed by the respondeat superior action. Id. at *8. It reasoned:

> [if] the trier of fact finds that [the driver employee] was negligent and that his negligence was a cause-in-fact and legal cause of Dennis' injuries, then [the defendant employer] is liable for [the employee's] actions. If he was not negligent, then no amount of negligence on the part of [the defendant employer] in training and supervising him could have been the cause-in-fact or legal cause of the collision and Dennis' injuries.

Dennis, 2016 WL 6637973, at *8. Based on this finding, the court granted the defendant's motion for partial summary judgment and dismissed plaintiff's claims for negligent training and supervision.

In opposing the conclusion drawn in Dennis and the federal district court cases following it, as well as Louisiana appellate decisions, plaintiffs point to Gordon v. Great West Casualty Co., 2020 WL 3472634 (W.D. La. 6/25/20). In Gordon, the court, reversing its own holding in prior cases, found that respondeat superior and direct negligence claims could be maintained

---

[5]This would not be the case in situations in which vicarious liability was not stipulated.

simultaneously, essentially concluding that to do otherwise frustrates Louisiana's comparative fault scheme which ensures that each tortfeasor is responsible only for the portion of the damage he has caused. However, as noted in Piggott, because the employer "answerable for the damage occasioned by" the employee, article 2320 is not undermined. Pigott, 2020 WL 564958, at *4 (citing La. Civ. Code art. 2320). "Where, as here, vicarious liability based on respondeat superior is undisputed, [the employer's] responsibility is coextensive with the responsibility of . . . the employee who allegedly committed the tort by driving carelessly, thus rendering academic any allocation of fault between employer and employee." Id.

With respect to the argument that public policy considerations such as deterrence of undesirable conduct, satisfaction of the community's sense of justice, and predictability would be better served by allowing a simultaneous direct negligence action against the employer, those arguments " 'ignore the fact that the defendant employer will be made to pay for Plaintiff's damages regardless of whether it is found liable vicariously or directly' and other public policy considerations 'such as streamlining the litigation process and avoiding unnecessary confusion for the jury weigh in favor of granting partial summary judgment' " Id. (quoting Coffey, 2019 WL 5684258, at *3).

Having surveyed the landscape of cases on this issue, Gordon remains an outlier. Subsequent to the Gordon decision, the Louisiana First Circuit Court of Appeal again specifically held:

> [W]e conclude that a plaintiff cannot maintain a direct negligence claim, such as negligent hiring, training, supervision, etc., against an employer, while simultaneously maintaining a claim against the alleged negligent employee for

7

> employer has admitted that the employee was in the course and scope of
> employment at the time of the alleged conduct.

Elee v. White, 2020 WL 4251974, *4. Likewise, the Supreme Court of Louisiana denied writs in a Fifth Circuit case, Landry v. Nat'l Union Fire Ins. Co. of Pittsburg, 289 So. 3d 177 (La. App. 5 Cir. 12/30/19), writ denied sub nom. Landry v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 295 So. 3d 945 (La. 5/1/20), which presented a negligent entrustment claim on similar facts, and held that "because [the employer defendant] stipulated that [the employee driver] was in the course and scope of his employment and is therefore liable if [the employee] is liable, [the employer defendant's] partial motion for summary judgment on the negligent supervision and training and negligent entrustment was properly granted." 289 So. 3d at 186. Although the denial of a writ does not have jurisprudential value, it demonstrates that the Supreme Court of Louisiana had the opportunity to address the question at hand but declined to do so.

Considering the foregoing, the court's best Erie guess is that if presented with the question today, the Supreme Court of Louisiana would follow the holdings of the Louisiana intermediate appellate courts, and find that when the employer has stipulated to vicarious liability for the employee's negligent act, plaintiffs may not may simultaneously maintain a cause of action for respondeat superior liability and for direct negligence (negligent entrustment) against an employer. Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' **Motion for Partial Summary Judgment** (Rec. Doc. 240) is **GRANTED** as unopposed, and Church of the King is vicariously liable for Jennifer Robinson's acts;

**IT IS HEREBY ORDERED** that defendants' **Motion for Partial Summary Judgment** (Rec. Doc. 252) is **GRANTED**, and plaintiffs' claims for negligent entrustment are dismissed;

**IT IS HEREBY ORDERED** that plaintiffs' **Motion for Partial Summary Judgment** (Rec. Doc. 245) is **DENIED**.

New Orleans, Louisiana, this  23rd   day of September, 2020.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**