UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA RIVERA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-14005** |
| **JENNIFER ROBINSON, ET AL.** | **SECTION: "S" (4)** |

### ORDER

Before the Court is **Plaintiffs' Motion for Leave to File Supplemental and Amending Complaint to Add Claim for Negligent Hiring, Training, and Supervision (R. Doc. 236)** seeking leave to file a supplemental and amended complaint to add a claim against Defendant Church of the King for negligent hiring, training, and supervision. Defendants oppose this motion. R Doc. 242. This motion was set for submission on August 12, 2020 and heard on the briefs.

### I.  Background

Plaintiffs Melissa Rivera and Ricardo Silva, Sr. filed this action in diversity in the District Court on December 20, 2018, as biological parents to deceased son, Ricardo Silva, Jr., for wrongful death and survival damages. R. Doc. 2, p. 1. This action involves a motor vehicle accident. At approximately 5:54 p.m. on the evening of August 25, 2018, Ricardo Silva, Jr. stopped at a traffic light, and on his sport bike motorcycle, was struck by Defendant Jennifer Robinson, an employee running an errand for the Church of the King, Inc. ("Church of the King"). R. Doc. 2, p. 1-2. This collision resulted in the death of Ricardo Silva, Jr. R. Doc. 2, p. 2. The Plaintiffs allege, *inter alia*, the accident occurred as Defendant Robinson was careless, reckless, distracted, had her vision obstructed, and failed to look for and yield to oncoming traffic. R. Doc. 2, p. 1-2, 4.

On August 27, 2019, Plaintiffs filed their first amended and supplemental complaint to specifically pled that Defendant Robinson was under the influence of prescription medication at the time of the accident. R. Doc. 78. On October 30, 2019, the Court entered an Amended

Scheduling Order establishing November 29, 2019 as the pleading amendment deadline. R. Doc. 104.

On May 13, 2020, Plaintiffs filed another motion for leave to file a supplemental and amended petition for damages to allege a new cause of action, negligent entrustment, against Defendant Church of the King. R. Doc. 131. On June 23, 2020, the undersigned granted that motion finding good cause existed. R. Doc. 197. Thereafter, on July 9, 2020, Defendants jointly filed their answer to Plaintiffs' Supplemental and Amending Petition for Damages (R. Doc. 198). R. Doc. 227.

On July 13, 2020, the District Judge enter the Second Amended Scheduling Order establishing August 7, 2020 as the pleading amendment deadline in this case. R. Doc. 230. On July 20, 2020, before the pleading amendment deadline, Plaintiffs filed the instant motion before the Court. R. Doc. 236.

Plaintiffs contend they promptly sought to amend their pleading after discovering of new information on July 10, 2020, which supports the addition of a state law claim for negligent hiring, training, and supervision, when taking Church of the King's 30(b)(6) deposition. R. Doc. 236-1, p. 2. Plaintiffs also seek to include facts that occurred after the accident, such as Church of the King providing Defendant Robinson a new vehicle. R. Doc. 236-, p. 4-5.

Defendants, Jennifer Robinson, Church of the King, Inc., State Farm Mutual Insurance Company and Church Mutual Insurance Company oppose this motion as futile. Specifically, Defendants maintain, under Louisiana law, where an employer stipulates to vicarious liability a plaintiff cannot pursue a direct negligence claim against the employer. R. Doc. 242, p. 8-9. Defendants also maintain there is no cause of action for negligent retraining. R. Doc. 242, p. 9. Finally, Defendants contend that Plaintiffs failed to allege sufficient facts to maintain a claim for negligent hiring training, and supervision. R. Doc. 242, p. 10.

## II. <u>Standard of Review</u>

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994).

An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)). "It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 200 (5th Cir. 2016). As such, the Court must accept all well-plead facts as true and view them in the light most favorable to the

non-moving party. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where viability of a claim is at least facially possible, futility does not provide grounds for denying an amendment. *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 353–54 & n. 6 (5th Cir. 2011).

### III.     Analysis

Plaintiffs contend, in conducting the 30(b)(6) deposition of Defendant Church of the King on July 10, 2020, that they discovered new evidence, which would support a good faith claim of negligent hiring, training, and supervision against Defendant Church of the King.[1] R. Doc. 236-1, p. 2. Specifically, Plaintiffs contend that Defendant Church of the King failed to provide evidence or record of Defendant Robinson being trained or supervised; Defendant Church of the King did not vet Defendant Robinson for her position as women's ministries director role, but instead appointed her based on her status as wife to the senior pastor; and Defendant Church of the King

---

[1] Specifically, Plaintiff seeks to add the following allegation: "That **CHURCH OF THE KING** knew of Jennifer Robinson's eye conditions, and negligently hired her, negligently trained her, and negligently supervised her. Church of the King gave Jennifer Robinson her position of power within the church due to her status as senior pastor's wife, no driving history was obtained, and Jennifer Robinson was not screened for employment like any other lower level employee. Church of the King further gave Jennifer Robinson unfettered use of their property, specifically an Acura MDX, which Jennifer Robinson used for both personal and work-related reasons, in multiple states and to and from multiple Church of the King campuses endangering other drivers. Church of the King did not check Jennifer Robinson's driving record as required by the Church of the King Handbook Rules, nor did they provide Jennifer Robinson with any training materials on how to safely operate the motor vehicle which was their property. Church of the King did not supervise Jennifer Robinson to ensure that she was driving safely and in accordance with the law. Furthermore, even after the fatal crash killing Ricardo Silva, Jr. occurred, in which Jennifer Robinson was found to be at fault by Louisiana State Police, Church of the King did nothing to retrain, discipline, or investigate the conduct of Jennifer Robinson. Instead, Church of the King obtained another vehicle and gave Jennifer Robinson unfettered access to that vehicle too and rewarded Jennifer Robinson by paying for her criminal defense. Church of the King failed to exercise reasonable care in its screening, hiring, training, and supervising, and re-training its employee, Jennifer Robinson. Church of the King knew that Jennifer Robinson had a medical history of deficient vision and thus knew or should have known that she may be involved in a serious crash when they gave her unrestricted access to an automobile which was their property, and where she was on call twenty-four hours a day, seven days a week, and where her job required her to travel to and from multiple Church of the King campuses, to cross state lines, and to visit the homes of parishioners. Church of the King acted with particular negligence when, after the fatal crash and after knowing intimately her vision impairment, they gave her yet another vehicle and again did not restrict her use." R. Doc. 236-2.

was provided a new vehicle to replace the vehicle that was subject to the crash without disciplining her, retraining her, or restricting her. R. Doc. 236-1, p. 4-5.

Defendants, in opposition, contend that in Louisiana, a plaintiff cannot simultaneously pursue both (1) a negligence cause of action against an employer for which the employer is vicariously liable and (2) a direct negligent hiring training and supervision cause of action when the employer stipulates that the employee was in the course and scope of employment when he committed the alleged negligence. R. Doc. 242, p. 9. As such, now that Defendant Church of the King has assumed vicarious liability in its answer to Plaintiffs' latest complaint, Defendants maintain that the Plaintiffs cannot maintain a cause of action against Church of the King for any alleged negligence in its hiring, training, supervision or retraining of Jennifer Robinson. *Id.*

"When, as in this case, subject matter jurisdiction is based on diversity, federal courts apply the substantive law of the forum state," which, here, is Louisiana. *Boyett v. Redland Ins. Co.*, 741 F.3d 604, 607 (5th Cir. 2014). "In Louisiana, vicarious liability and negligent hiring, training and supervision present separate and independent theories of liability." *Pelitire v. Rinker*, 18-501 (La. App. 5 Cir. 4/17/19), 270 So. 3d 817, 834, writ denied, 2019-00793 (La. 9/17/19), 279 So. 3d 378.

Vicarious liability is based upon Louisiana Civil Code Article 2320 ("Article 2320"), which provides "employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." La. Civ. Code Ann. art. 2320. Notwithstanding, Article 2320 further provides, the responsibility only attaches when the employer "might have prevented the act which caused the damage, and have not done it." *Id.*; *see also Che v. First Assembly of God, Ruston, LA*, 50,360 (La. App. 2 Cir. 1/13/16), 185 So. 3d 125, 133, *Alexander v. Lowes Companies*, 96-2169 (La. App. 1 Cir. 9/19/97), 701 So. 2d 239, 242.

Article 2315 of the Louisiana Civil Code ("Article 2315") provides, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ.

5

Code Ann. art. 2315. "The duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability under LSA–C.C. art. 2315." *Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095 (La. 3/10/06), 923 So. 2d 627, 632–33. To recover under the duty risk approach, plaintiffs must prove five elements:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element);
> (2) the defendant's conduct failed to conform to the appropriate standard (the breach element);
> (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element);
> (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and
> (5) the actual damages (the damages element).

*Id.* If the plaintiffs fail to prove one of these elements, then the defendants are not liable. *Id.*

Plaintiffs Rivera and Silva seek to pursue two negligence theories against Defendant Church of the King: vicarious liability under Louisiana Article 2320 and direct liability under Louisiana Article 2315. Joining numerous other federal district courts in making an *Erie* guess, the Court is of the opinion that Plaintiffs cannot simultaneously pursue negligence claims under both a theory of respondeat superior and a direct negligence theory against an employer for the same incident, where, as in here, the employer stipulates that the employee was acting in the course and scope of her employment.[2]

"It is undisputed that Louisiana offers no binding precedent concerning whether simultaneous causes of action can be pursued against an employer under the doctrine of respondeat superior as well as the direct negligence of the employer in hiring, training, or supervising, when the employer has stipulated that the employee acted in the course and scope of employment."

---

[2] This conclusion is consistent with the District Judge's opinion in the case. *See* September 23, 2020 Order (R. Doc. 268) (granting motion for summary judgment in favor of the Defendants on negligent entrustment claims).

*Pigott v. Heath*, No. CV 18-9438, 2020 WL 564958, at *3 (Feldman, J.) (E.D. La. Feb. 5, 2020). "In the absence of a final decision by the Louisiana Supreme Court, [federal courts] must make an *Erie* guess and determine, in our best judgment, how that court would resolve the issue if presented with the same case." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007).

This question, whether a plaintiff can pursue both a claim for direct negligence and claim for vicarious liability where the employer has stipulated to vicarious liability, has been asked of the court on many occasions. *See Pigott*, 2020 WL 564958, at *3. In all but two instances, "federal district courts in Louisiana have [] held that, when an employer is indisputably vicariously liable for the negligent acts of its employee, the plaintiff cannot also maintain a direct negligence claim against the employer." *Id.* (listing cases).

The most persuasive of these is *Dennis v. Collins*, No. CV 15-2410, 2016 WL 6637973 (W.D. La. Nov. 9, 2016). In *Dennis*, the court considered whether to grant summary judgment in favor of Greyhound, the employer, after its employee, Collins, collided with plaintiff's vehicle while on the bus's route. *Id.*

In arguing that maintaining one precluded the simultaneous maintaining of the other, Greyhound reasoned "that negligent training and supervision causes of action against the employer are subsumed within a negligence cause of action against the employee when there is no doubt that the employee committed the negligence, if any, within the course and scope of employment." *Dennis*, 2016 WL 6637973, at *3.

In coming to it conclusion, the *Dennis* court recognized "while 'direct negligence' is an independent negligence cause of action against the employer, 'vicarious liability' is not a cause of action, but rather a method of holding one party liable for the conduct of another, of which respondeat superior is merely a species." *Id.* at *5. This overarching principle prompted the *Dennis* court to look to Louisiana Article 2315 on negligence, which requires plaintiff prove proximate

7

cause, or "the defendant's substandard conduct was a cause in fact of the plaintiff's injuries." *Id.* at *7. The *Dennis* court also relied on the Louisiana Supreme Court decision in *Roberts v. Benoit* which held "[c]ause in fact is generally a 'but for' inquiry; if the plaintiff probably would have not sustained the injuries but for the defendant's substandard conduct, such conduct is a cause in fact." *Id.* (citing *Roberts v. Benoit*, 605 So. 2d 1032, 1042 (La. 1991), on reh'g (May 28, 1992)).

As such, the *Dennis* court held "that even a complete lack of training or supervision could not have been either a but-for or legal cause of the plaintiff's injuries absent some negligence on the part of the employee on the day of the collision." *Id.* In applying this conclusion to the applicable facts, the *Dennis* court determined:

> If the trier of fact finds that [the employer] was negligent and that [the employer's] negligence was a cause-in-fact and legal cause of [the plaintiff's] injuries, then [the employer] is liable for [the employee's] actions. If [employee] was not negligent, then no amount of negligence on the part of [the employer] in training and supervising [the employer] could have been the cause-in-fact or legal cause of the collision and [the plaintiff's] injuries.

*Id.* at *8. Therefore, the *Dennis* court held "negligent training and supervision causes of action against the employer are subsumed within a negligence cause of action against the employee when there is no doubt that the employee committed the negligence, if any, within the course and scope of employment." *Id.* at *6. Since that time, a litany of federal district courts have uniformly embraced these principles. *Pigott*, 2020 WL 564958, at *3.

Notwithstanding, on June 25, 2020, a court in the Western District of Louisiana broke this streak. *Gordon v. Great W. Cas. Co.*, No. 2:18-CV-00967 (LEAD), 2020 WL 3472634, at *1 (Cain, J.) (W.D. La. June 25, 2020); *see also Roe v. Safety Nat'l Cas. Corp.*, No. 2:18-CV-01353, 2020 WL 3477071, at *1 (Cain, J.) (W.D. La. June 25, 2020) . In doing so, the district judge noted that

while he had previously endorsed this view as recent as September 11, 2019, that "[u]pon review of recent Louisiana jurisprudence . . . and in light of the number of times in which the rule has recently been asserted, the court now reconsiders its endorsement." *Gordon v. Great W. Cas. Co.*, No. 2:18-CV-00967 (LEAD), 2020 WL 3472634, at *2 (W.D. La. June 25, 2020).

Curiously, in reviewing "recent" Louisiana jurisprudence, the district judge relies upon two Louisiana state law decisions from 2017 and 2006. *See id.* at *4; *see also Coulon v. Endurance Risk Partners, Inc.*, 2016-1146 (La. 3/15/17), 221 So. 3d 809, *Foley v. Entergy Louisiana, Inc.*, 2006-0983 (La. 11/29/06), 946 So. 2d 144.

In *Foley*, the Louisiana Supreme Court considered the proper allocation of fault between a plaintiff, coworker, the employer, and the power company after an employee sustained catastrophic injuries working on an overhead, uninsulated 8,000-volt electric power distribution line. 946 So. 2d at 144. While this case considered an employee's direct claim of negligence against his own employer, somehow the district court in *Gordon* mistakenly believed it "involve[d] simultaneous claims of employer direct negligence and claims for which the employer could be held vicariously liable." *Gordon*, 2020 WL 3472634, at *4.

In *Coulon*, the Louisiana Supreme Court considered the pleading requirements of the Louisiana Medical Malpractice Act (La. Stat. Ann. § 40:1231.1) where plaintiff alleged both direct and vicarious liability and found "that the allegations taken separately, under direct or vicarious liability, are sufficient to encompass the causes of action at issue." *Coulon*, 221 So. 3d at 813, 814-15.

Again, the Court is of the opinion that the *Gordon* court confuses the issues. In *Coulon*, the Supreme Court of Louisiana considered a negligence claim through the purview of the Louisiana Medical Malpractice Act, which explicitly provides a medical malpractice cause of action for failure to supervise, and not Article 2315 of the Louisiana Civil Code duty-risk analysis principles.

In addition, the Louisiana Supreme Court, in *Coulon*, was not faced with considering whether to allow the allegations of direct and vicarious liability to simultaneously proceed where the employer already stipulated to being vicariously liable.

While the *Gordon* court argues that proper allocation of fault between tortfeasors is the fundamental purpose of Louisiana's comparative fault scheme, this rationale completely misconstrues the central holding in *Dennis*, which focuses on the but-for cause element of liability, and almost entirely ignores the text of Louisiana Civil Code Article 2320, which provides the statutory right to seek damages from a tortfeasors employer in the event the employer could have somehow prevented the act which caused the damage. *See* La. Civ. Code Ann. art. 2320.

Federal courts sitting in diversity have all but considered and rejected the public policy considerations in favor of comparative allocation of fault between the parties. *Pigott*, 2020 WL 564958, at *4 (citing *Giles v. ACE Am. Ins. Co.*, No. CV 18-6090, 2019 WL 2617170, at *3 (Vance, J.) (E.D. La. June 26, 2019) ("[T]here is no need to allocate fault between the parties when plaintiff's vicarious liability claims make [the employer] entirely responsible for [the employee's] negligence. If [the employee] is found to be negligent, the principle of respondeat superior automatically makes [the employer] responsible for the entirety of [the employee's] liability."), *Coffey v. Knight Refrigerated, LLC*, No. CV 19-3981, 2019 WL 5684258, at *3 (Milazzo, J.) (E.D. La. Nov. 1, 2019) (noting that the public policy considerations advanced by the plaintiff including deterrence of undesirable conduct, satisfaction of the community's sense of justice, and predictability "ignore[ ] the fact that [the employer] will be made to pay for plaintiff's damages regardless of whether it is found liable vicariously or directly" and other public policy considerations "such as streamlining the litigation process and avoiding unnecessary confusion.")); *see also Ferguson v. Swift Transp. Co. of Ariz.*, 2020 U.S. Dist. LEXIS 115753, *3 (finding where employer had stipulated to vicarious liability, "[u]nder these circumstances, the

10

only discernable reason to press other claims directly against [the employer] is to inflame or prejudice the jury.").[3]

Moreover, the Court also cast doubt upon the *Gordon* courts assertion that "the Louisiana Supreme Court has recognized claims of negligent hiring, training, and supervision as stand-alone causes of action distinct from the theory of vicarious liability" and no cases have shown "a merger of the two theories under Louisiana statutory law or Supreme Court jurisprudence." *Gordon*, 2020 WL 3472634, at *4.

This Court has found that multiple Louisiana courts have reasoned Article 2320 "is not a true 'vicarious liability' statute, as it requires independent fault" on the part of the employer, such as the failure to properly supervise. *Wallmuth v. Rapides Par. Sch. Bd.*, 2001-1779 (La. 4/3/02), 813 So. 2d 341, 349; *see also Che*, 185 So. 3d at 133 (citing *Doe v. Parauka*, 97-2434 (La. 7/8/98), 714 So. 2d 701, 704) (finding vicarious liability contemplates employer's right to control the work of the employee so naturally "encompasses the employer's supervision, selection and engagement, . . . and the power to dismiss"), *but see Pelitire*, 270 So. 3d at 834 ("vicarious liability is imposed upon an employer without regard to its own negligence or fault; it is a consequence of the employment relationship").

This Court, accordingly, rejects the *Gordon* opinion as non-persuasive and follows suit siding with the employee and employer defendants on this issue.

Having determined that the Plaintiffs cannot maintain a direct negligence cause of action against Defendant Church of the King where it has stipulated to vicarious liability, the Court need

---

[3] The Court also finds it peculiar that in these cases, as in the case now before the Court, it is the plaintiffs who contend that there should be proper allocation of fault. As courts have explained before, where vicarious liability is stipulated, the employer is joint and severally liable for the damages caused by its employee. This Court might be persuaded to reevaluate its position had a co-defendant taken the position that it would not be fair to merge his fault with the fault of his employer. Yet, the both the Defendants, who have an actual interest in forwarding this argument, Robinson, the employee, and Church of the King, the employer, oppose this motion for leave.

11

not consider whether Plaintiffs alleged sufficient facts to maintain a claim for negligent hiring training, and supervision.

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that the **Plaintiffs' Motion for Leave to File Supplemental and Amending Complaint to Add Claim for Negligent Hiring, Training, and Supervision (R. Doc. 236)** is **DENIED.**

New Orleans, Louisiana, this 25th day of September 2020.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**