UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA RIVERA, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-14005** |
| **JENNIFER ROBINSON, ET AL** | **SECTION "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants' **Motion in Limine to Exclude Non-Viewing Witnesses** (Rec. Doc. 285) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants' **Motion in Limine to Exclude Plaintiffs' Witnesses Identified in Their Supplemental and Amended Witness and Exhibit List** (Rec. Doc. 287) is **GRANTED**;

**IT IS FURTHER ORDERED** that plaintiffs' **Motion Limine to Exclude the Instagram Video Posted 7/30/18** (Rec. Doc. 292) is **DENIED AS PREMATURE**. Plaintiffs may re-urge the motion if the evidence is not authenticated by the time of the filing of the pre-trial order;

**IT IS FURTHER ORDERED** that defendants' **Motion in Limine to Exclude Testimony of Sergeant Max Schuler** (Rec. Doc. 302) is **GRANTED**;

**IT IS FURTHER ORDERED** that plaintiffs' **Motion in Limine to Exclude Prior Traffic Violations and Testimony of Officer Burl** (Rec. Doc. 303) is **GRANTED in part** and **DENIED in part**, and the evidence and testimony is excluded for all purposes except impeachment.

### BACKGROUND

This matter arises out of a motor vehicle accident that occurred on August 25, 2018 in Covington, Louisiana. Plaintiffs' son, Ricardo Silva, Jr., died from injuries sustained in the accident

1

when the motorcycle he was driving collided with defendant Jennifer Robinson's SUV. Plaintiffs allege the accident was caused by Robinson's negligence; defendants contend that Silva's speed at the time of the accident caused or contributed to the accident. Before the court are motions in limine filed by both parties.

## DISCUSSION

### I. Motion in Limine to Exclude Non-Viewing Witnesses

In this motion, defendants seek to exclude the testimony of three witnesses identified by the plaintiffs. None of the three witnesses viewed the accident when it happened. Defendants argue that this renders their testimony irrelevant, not based on personal knowledge, and that much of what the witnesses do testify to is inadmissible character evidence. Defendants also argue that some of the testimony of Brandy Cella is inadmissible hearsay and that her testimony is uniquely flawed.

Plaintiffs oppose, contending that, in a previous ruling, the court rejected the defendants' argument that witnesses should be excluded because of a lack of personal knowledge. Plaintiffs also argue that these three witnesses are not testifying to character evidence, but are being offered to establish defendant Robinson's driving habits. Additionally, plaintiffs argue that the testimony is admissible to impeach witnesses that defendants may offer to establish that Robinson is a good driver.

### A. Lloyd "Red" Benoit's Testimony

Lloyd "Red" Benoit testified that he lives on Highway 1082 near Robinson, is outside frequently due to the nature of his horse stable business, and never saw Silva's red motorcycle speeding down the road in front of his house. Defendants argue that Benoit's affidavit and testimony—that he never saw a red motorcycle drive in front of his house and certainly never saw

2

one speed past his house—is irrelevant. In opposition, plaintiffs do not address relevance, but rather argue that because the court previously admitted the similar testimony of Denise Pichoff, Benoit's testimony must also be allowed.

The court did not previously admit the testimony of Denise Pichoff. The court previously held that "witnesses and statements related to speeding on another day, or more than a few minutes before the accident, are excluded as irrelevant." Rec. Doc. 106. In the same order, the court noted that, while Pichoff averred that she had seen Silva speeding, it was unclear when she had seen it, i.e., whether or not it was on the date of the accident. Id. Pichoff's subsequent deposition established that she had not seen the motorcycle on the day of the accident. Rec. Doc. 125-20. Accordingly, her testimony was excluded by the court's prior order.

With Benoit's testimony, plaintiffs seek to establish through habit evidence that Silva had a habit of never speeding on Highway 1082, because Benoit lives and works on Highway 1082 and never saw him do it.

"Evidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit . . . ." Fed. R. Evid. 406. "Evidence of habit is not lightly established." Jones v. S. Pac. R.R., 962 F.2d 447, 449 (5th Cir. 1992) (internal quotation and citation omitted). "To offer evidence of a habit, a party must at least demonstrate a regular practice of meeting a particular kind of situation with a specific type of conduct." United States v. Anderson, 755 F.3d 782, 794 (5th Cir. 2014) (citation and internal quotations omitted). "Habit suggests a regular response to a repeated specific situation that has become semi-automatic." Id. (citation and internal quotations omitted). See also CHRISTOPHER MUELLER & LAIRD KIRKPATRICK, 2 FEDERAL EVIDENCE § 4:46 (4th ed. 2021) (highlighting specificity and regularity as distinguishing habit evidence from character evidence). "Although a precise formula cannot be

proposed for determining when a behavior may become so consistent as to rise to the level of habit, adequacy of sampling and uniformity of response are controlling considerations." United States v. Heard, 709 F.3d 413, 434 (5th Cir. 2013) (internal quotation and citation omitted).

Benoit's testimony that he spends a lot of time outdoors near the highway and has never seen a red motorcycle like Silva's speeding on Highway 1082 does not establish the foundation necessary for admissibility. Federal Rule of Evidence 401 provides in part that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Benoit's testimony is not probative of Silva's driving habits, and thus is not relevant, to either a fact in issue or for impeachment purposes.

**B. Kathy Bernades' Testimony**

Kathy Bernades testified that she lives on Highway 1082 near Robinson, is outside frequently, and never saw Silva's red motorcycle speeding down the road. To the extent plaintiffs seek to introduce Bernades' testimony to prove Silva's driving habits, it is inadmissible because it lacks the necessary foundation to establish habit evidence under Federal Rule of Evidence 406.

Bernades also testified that she observed Robinson frequently turning off of Highway 1082 quickly without signaling or checking for traffic. Defendants argue this testimony is improper character evidence offered to show that Robinson is a bad driver and that she acted in conformity with that character. Plaintiffs counter that it is admissible as habit evidence.

Bernades' intermittent observations of Robinson's driving do not amount to an adequate sample so as to establish a habit, and thus do not "demonstrate a regular practice of meeting a particular kind of situation with a specific type of conduct." See Jones, 962 F.2d at 449 (5th Cir. 1992). Accordingly, Bernades' testimony regarding Robinson's driving habits is excluded.

### C. Brandy Cella's Testimony

Brandy Cella testified that she lives on Highway 1082 near Robinson, is outside frequently, and never saw Silva's red motorcycle speeding down the road. To the extent plaintiffs seek to introduce Cella's testimony to prove Silva's driving habits, it is inadmissible because it lacks the necessary foundation to establish habit evidence under Federal Rule of Evidence 406.

Cella, who had not met Robinson until the day of the accident, further testified that Robinson frequently turned off of Highway 1082 quickly and without signaling. Cella's intermittent observations of Robinson's driving do not amount to an adequate sample so as to establish a habit, and thus do not "demonstrate a regular practice of meeting a particular kind of situation with a specific type of conduct." See Jones, 962 F.2d at 449 (5th Cir. 1992). Accordingly, Cella's testimony regarding Robinson's driving habits is excluded.

Cella also testified that she saw a neighbor, Angela Ice, searching the area where Robinson's car crashed the day after the accident for a credit card that Robinson lost. Cella testified that Ice told her that Robinson told Ice that she had the credit card it her lap at the time of the accident, and asked her to look for it because she thought it may have fallen as she got out of the car. Cella's testimony regarding what Angela Ice told her is excluded as inadmissible hearsay.

### II. Motion in Limine to Exclude Plaintiffs' Witnesses Identified in Their Supplemental and Amended Witness and Exhibit List

At the close of discovery, on October 16, 2020, plaintiffs filed a Supplemental and Amended Witness and Exhibit List, identifying nine previously unidentified witnesses. All of these witnesses intend to testify regarding the plaintiffs' change in behavior after the death of their son. Defendants move to exclude those witnesses for failure to include them in their initial disclosures.

Plaintiffs argue that their failure was justified because of their grief, and have offered to bear the costs of deposing the witnesses to mitigate any harm.

Under Federal Rule of Evidence, 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence." "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of trial. . . ." United States v. Williams, 81 F.3d 1434, 1443 (7th Cir.1996); see also, Consol. Grain & Barge Co. v. Marcona Conveyor Corp., 716 F.2d 1077, 1083 (5th Cir. 1983) (Evidence is cumulative when it is "repetitious of evidence already introduced"). It is "within the trial court's discretion to exclude cumulative evidence." Kelly v. Com. Union Ins. Co., 709 F.2d 973, 980 (5th Cir. 1983) (internal quotations and citation omitted).

The decedent's parents will be testifying about their grief, and clearly, they are the best witnesses to testify to this subject. Additional witnesses on this same topic would add nothing to the probative force of the other evidence in the case, but have the potential to significantly lengthen the trial, and present a danger of unfair prejudice. Accordingly, the witnesses are excluded.

**III. Motion in Limine to Exclude the Instagram Video Posted 7/30/18**

Plaintiffs have moved to exclude from trial a video posted on Ricardo Silva Jr.'s Instagram depicting people riding motorcycles at high speeds. In a previous order, this court held that the video was inadmissible character evidence. Rec. Doc 250. However, the court held that a ruling on whether the video is admissible as impeachment evidence was premature, cautioning defendants that they would have to authenticate the video prior to presenting it. Id.

In this motion, plaintiffs argue that because discovery is closed and defendants have not authenticated the video, it must be excluded. "Authentication is a condition precedent to the

6

admission of evidence and is satisfied when a party presents evidence sufficient 'to support a finding that the item is what the proponent claims.'" United States v. Barnes, 803 F.3d 209, 217 (5th Cir. 2015) (citations omitted). However, there is no hard and fast rule as to when evidence must be authenticated. Indeed, the Fifth Circuit Court of Appeals has affirmed cases where evidence become authenticated by circumstantial evidence at trial. United States v. Ceballos, 789 F.3d 607, 618 (5th Cir. 2015) (citing approvingly United States v. Wake, 948 F.2d 1422, 1435 (5th Cir. 1991) (authenticating evidence through the testimony of a DEA agent as to the circumstances in which the evidence was found)). In this case, the court finds that in order to be used at trial for impeachment evidence, the evidence must be authenticated before the filing of the pre-trial order, failing which plaintiffs may re-urge their motion to exclude it.

**IV. Motion in Limine to Exclude Testimony of Sergeant Max Schuler**

Defendants have moved to exclude the testimony of Sergeant Max Schuler of the New Orleans Police Department ("NOPD"). Sergeant Schuler was Silva's coworker and was listed in the plaintiffs' witness lists as able to testify to "Silva's employment with NOPD, funeral, and impact on his parents and fellow NOPD Officers," and on matters relating to "Ricardo Silva Jr.'s relationship with work and outlook on his job and grief of [Silva's parents]."

Defendants have moved to exclude this testimony on relevance grounds, and further argue that Sergeant Schuler's testimony is not based on personal knowledge and any probative value is outweighed by the danger of unfair prejudice. Plaintiffs oppose, arguing that the testimony is relevant for impeachment purposes, and as habit evidence of Silva's safe driving habits.

Plaintiffs' claims are brought as survival claims and wrongful death claims. A survival action permits recovery for damages suffered by the victim from the time of injury to the moment of death. McGee v. A C And S, Inc., 933 So.2d 770, 780 (La. 2006) (citations omitted). A wrongful

death action arises when the victim dies and compensates beneficiaries for their own injuries suffered from the moment of the victim's death forward. Id.

The survival action on behalf of Silva does not include a lost wage claim, or any other claim related to his employment. Accordingly, testimony regarding his employment and his job outlook have no relevance to the survival action. Further, because the survival action addresses damages sustained by the decedent up until the moment of death, plaintiffs' grief is also not relevant to the survival action.

As for the wrongful death claim, it is undisputed that Silva did not provide plaintiffs with any financial support or services, so his employment and job outlook are likewise irrelevant to that claim.

As noted above, "[t]o offer evidence of a habit, a party must at least demonstrate a regular practice of meeting a particular kind of situation with a specific type of conduct." Anderson, 755 F.3d at 794. "Habit suggests a regular response to a repeated specific situation that has become semi-automatic." Id. (citation and internal quotations omitted).

Plaintiffs do not establish, or even argue, that Sergeant Schuler observed Silva on a regular basis meeting a particular kind of situation with a specific type of conduct. Rather, plaintiffs state that Sergeant Schuler, who had observed Silva in training and on the field, told them that Silva "knew how to defuse a situation, put his mind to his work, and knew how to react and follow directions." On this basis, plaintiffs argue that the testimony is relevant to establish Silva's "safety conscious demeanor and attitude." However, Sergeant Schuler's intermittent observations of Silva in an employment setting does not amount to having observed Silva meet a particular situation with a specific kind of conduct at issue in the present case. Rather, his conclusions are generalities regarding Silva's work skills, presented to establish "demeanor and attitude", rather than specific

behaviors. This evidence does not meet the standard for admission as habit under Federal Rule of Evidence 406.

Plaintiffs also argue that Sergeant Schuler has a personal knowledge of plaintiffs' grief and should be allowed to testify to same. For the reasons set forth in Section II above, the court finds Sergeant Schuler's testimony regarding plaintiffs' grief would be cumulative, and as such, it will not be admitted.

Finally, plaintiffs argue that Sergeant Schuler's testimony is admissible as impeachment if other witnesses testify that Silva was driving as if he was suicidal or abusing drugs or alcohol. Because the court has previously ordered stricken such statements from the witnesses' testimony (Rec. Doc. 106), there is no need for impeachment testimony on these topics. Sergeant Schuler's testimony is therefore excluded.

**V. Motion in Limine to Exclude Prior Traffic Violations and Testimony of Officer Burl**

Plaintiffs seek to exclude, for all purposes, evidence of Silva's misdemeanor traffic violations and the testimony of Officer Burl ("Burl") of the Causeway Police regarding those violations. Plaintiffs argue that the evidence is unfairly prejudicial. Defendants oppose, arguing that Federal Rule of Evidence 607 allows them to present the testimony and citations if plaintiffs introduce testimony that Silva was always a safe driver. Defendants further assert that they would not use the evidence in any other fashion.

"Litigants are of course entitled to introduce extrinsic evidence to contradict a witness' testimony on matters that are material to the merits of the case." Jones v. S. Pac. R.R., 962 F.2d 447, 450 (5th Cir. 1992). If plaintiffs open the door by introducing evidence that Silva was always a safe driver, then plaintiffs may introduce the testimony solely for impeachment. Accordingly,

**IT IS HEREBY ORDERED** that defendants' **Motion in Limine to Exclude Non-Viewing Witnesses** (Rec. Doc. 285) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants' **Motion in Limine to Exclude Plaintiffs' Witnesses Identified in Their Supplemental and Amended Witness and Exhibit List** (Rec. Doc. 287) is **GRANTED**;

**IT IS FURTHER ORDERED** that plaintiffs' **Motion Limine to Exclude the Instagram Video Posted 7/30/18** (Rec. Doc. 292) is **DENIED AS PREMATURE**. Plaintiffs may re-urge the motion if the evidence is not authenticated by the time of the filing of the pre-trial order;

**IT IS FURTHER ORDERED** that defendants' **Motion in Limine to Exclude Testimony of Sergeant Max Schuler** (Rec. Doc. 302) is **GRANTED**;

**IT IS FURTHER ORDERED** that plaintiffs' **Motion in Limine to Exclude Prior Traffic Violations and Testimony of Officer Burl** (Rec. Doc. 303) is **GRANTED in part** and **DENIED in part**, and the evidence and testimony is excluded for all purposes except impeachment.

New Orleans, Louisiana, this  24th   day of June, 2021.

<em>[signature]</em><br>
**MARY ANN VIAL LEMMON**<br>
**UNITED STATES DISTRICT JUDGE**